**In re KANSAS CITY SOUTHERN INDUSTRIES, INC.**

No. 03–0179.

Supreme Court of Texas.

Argued Nov. 12, 2003.

Decided July 2, 2004.

J. Mitchell Smith and Michael D. Fertitta, Germer Gertz, L.L.P., Beaumont, for Kansas City Southern Industries, Inc.

Garland Keith Grady, Peter Brian Schneider, Grady Schneider & Newman, L.L.P., and James Patrick Smith, James Patrick Smith, P.C., Houston, for 381 Minors.

Chief Justice PHILLIPS delivered the opinion of the Court.

The issue in this original proceeding is whether mandamus is appropriate to resolve a dispute about who is entitled to certain settlement proceeds. Relator asserts that because it clearly established the right to a return of part of the proceeds the trial court abused its discretion by subsequently approving the initial settlement without modification. Because we conclude that relator has an adequate remedy by appeal, we deny mandamus relief without reaching the merits of the dispute.

The underlying case involves the claims of over two thousand plaintiffs, about half of them minors, who were allegedly exposed to a hazardous chemical that leaked from a railroad tanker car. One of the defendants, Kansas City Southern Industries, Inc. (KCSI), agreed to settle all of the minors' claims for $300,300. The precise amount to be paid each minor varied, depending on his or her physical symptoms, extent of treatment, and location at the time of the chemical release. All parties agree that all minor plaintiffs have fully recovered from any injuries and will have no future damages.

KCSI tendered to plaintiffs' attorneys a check for $300,300 with the understanding that it would not be negotiated before the documents had been executed releasing all of the minors' claims against KCSI. Plain-

tiffs' attorneys, however, were unable to obtain releases from about thirty per cent of the minor plaintiffs. In some cases, the minors' parents objected to the settlement; in others, the minors simply could not be found. About two months after tendering its check, KCSI asked the trial court to order plaintiffs' attorneys to return that part of the settlement allocated to those minors for whom releases had not been obtained.[1] Plaintiffs' attorneys and the court-appointed guardian ad litem opposed this motion, supported by the ad litem's affidavit that it was in the best interests of all the children to settle their respective claims, whether their parents or guardians knew of and approved the settlement or not. After the ad litem also provided releases for those minors who had not yet been found, the court rejected KCSI's motion and ordered the entire settlement paid into the registry of the court. The order, titled "Interlocutory Final Judgment," released KCSI from any further liability as to all the named minor plaintiffs regardless of whether a parent or next friend approved, or in some cases even knew about, the settlement.

Rather than obtain a final judgment and appeal, KCSI petitioned the court of appeals for mandamus relief, asserting that approximately $85,000 of the settlement still in the registry of the court should be immediately returned.[2] KCSI complained that the trial court abused its discretion in approving settlements for minors that could not be found or might not exist. KCSI argued that the court had impermissibly seized its money by holding the missing minors' share in the court's registry. When the court of appeals declined to grant relief, KCSI petitioned this Court for writ of mandamus.

■■■■ To obtain a writ of mandamus, a relator must establish not only that the trial court clearly abused its discretion but also that no adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). An appeal is inadequate when it comes too late to correct the court's error without the loss of substantial rights to the complaining party. *See Perry v. Del Rio*, 66 S.W.3d 239, 257 (Tex. 2001); *Polaris Inv. Mgmt. Corp. v. Abascal*, 892 S.W.2d 860, 862 (Tex.1995). KCSI argues that its remedy by appeal is inadequate because the trial court has improperly deprived it of the "valuable use" of its own money. That is not the permanent loss of substantial rights; it is really only a complaint that the normal appellate remedy is too slow. As we have repeatedly held, the cost or delay incident to pursuing an appeal does not make the remedy inadequate. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex.1998); *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex.1996); *Walker*, 827 S.W.2d at 842; *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60 (Tex.1991); *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648, 652 (Tex.1958). Because KCSI has not shown that its appellate remedy will cause the permanent loss of substantial rights, we deny the writ.

Justice HECHT filed a concurring opinion.

---

1. KCSI initially alleged that as many as 432 children could not be found, but by the time of the trial court's ruling the number of missing minors had declined to 374. Counsel advised us during oral argument that more children had been found after the trial court's ruling, reducing the number of missing minors at that time to 285.

2. At oral argument in this Court, KCSI reduced its claim to $64,000 because some of the missing minors had come forward to claim their settlements. Counsel stated that some of these claims came from children who had reached majority.

Justice HECHT, concurring.

I join the Court's opinion and add a word only to say that one should not take from the opinion's businesslike approach to the legal issues now before us that the trial court proceedings it describes were proper. The trial court appointed a guardian ad litem to represent about a thousand children individually and authorized him to settle all of their personal injury claims for anywhere from a few dollars to a few hundred dollars apiece over some parents' objections, without even telling other parents, and without ever ascertaining what injuries were suffered by 285 of the children who have never appeared to collect their portion—all with the approval of counsel for plaintiffs and defendants. The court found this global settlement to be in the children's best interest. It strikes me as astonishing that it should be thought in the best interest of a party before the court to have his claim for personal injuries settled without his knowledge. At oral argument, counsel for the relator and for the plaintiffs were each asked how the trial court proceedings could be justified. The only answers were simply that trial courts and guardians ad litem should have the power to do what was done here. No one cited any supporting authority.

There are a few situations in which the appointment of a guardian ad litem to represent unknown parties is authorized by statute.[1] This is not one of them. Rule 1.08(f) of the Texas Disciplinary Rules of Professional Conduct prohibits aggregate settlements in circumstances at least similar to, if not indistinguishable from, those here.[2] The Court's conclusion that relief cannot be provided by mandamus, with which I agree, in no way suggests that these children's claims were properly settled.

1. *E.g.*, TEX. CIV. PRAC. & REM.CODE § 64.102(b) (authorizing the appointment of a guardian ad litem to protect "the best interest" of a missing person in receivership proceedings); TEX. PROB.CODE § 53 (authorizing the appointment of a guardian ad litem in probate proceedings to represent the interests of unknown or incapacitated persons); TEX. PROP. CODE § 115.014 (authorizing the appointment of a guardian ad litem in trust proceedings "to represent the interest of a minor, an incapacitated, unborn, or unascertained person, or person whose identity or address is unknown, if the court determines that representation of the interest otherwise would be inadequate").

2. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.08(f) ("A lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients . . . unless each client has consented after consultation, including disclosure of the existence and nature of all the claims . . . involved and of the nature and extent of the participation of each person in the settlement.").