NUMBER 13-10-00042-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN RE: CARL BAUMGARTNER, III AND 


TETRA TECHNOLOGIES, INC.


 


On Petition for Writ of Mandamus.


 


 MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Vela 


Memorandum Opinion Per Curiam (1)



 By petition for writ of mandamus, relators, Carl Baumgartner, III and Tetra
Technologies, Inc., challenge an order of the trial court striking their designation of Richard
Allnutt, M.D., M.P.H., M.S., as a bio-mechanical expert witness. The Court requested and
received a response from the real parties in interest, Carrie Basaldua and Dionicio
Basaldua. We deny the writ. 

 Mandamus will issue only to correct a clear abuse of discretion for which relators
have no adequate remedy at law. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135
(Tex. 2004) (orig. proceeding); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992)
(orig. proceeding). A trial court abuses its discretion when it acts in an unreasonable or
arbitrary manner or, stated differently, when it acts without reference to guiding rules and
principles. City of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex.
2003). An appellate remedy is adequate when any benefits to mandamus review are
outweighed by the detriments; on the other hand, when the benefits outweigh the
detriments, appellate courts must consider whether the appellate remedy is adequate. In
re Prudential Ins. Co., 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding) (op. on reh'g). 
A party does not have an adequate remedy by appeal when, inter alia, the party's ability
to present a viable claim or defense is severely compromised or vitiated by the erroneous
discovery ruling to the extent that it is effectively denied the ability to develop the merits of
its case. Walker, 827 S.W.2d at 843.

 The Court, having examined and fully considered the petition for writ of mandamus
and the response thereto, is of the opinion that relators have not shown themselves
entitled to the relief sought. First, based on the allegations herein, we conclude that
relators have not shown that they lack an adequate remedy by appeal. Relators have
neither clearly established the impossibility of defending the underlying personal injury
lawsuit, nor have they shown that the exclusion of the expert testimony prevents them from
defending against the claims of the real parties in interest such that a trial would be a waste
of judicial resources, nor have they shown that a remedy by appeal will cause them "the
permanent loss of substantial rights." In re Kan. City S. Indus., 139 S.W.3d 669, 670 (Tex.
2004). In this regard, we note that, although the real parties in interest had designated an
expert in bio-mechanics by November 21, 2008, the deadline included in the original
agreed scheduling order, they have stated on the record that they do not intend to call this
expert at trial.

 Second, relators have not established that the trial court clearly abused its discretion
in excluding the expert witness at issue herein. See Fort Brown Villas v. Gillenwater, 285
S.W.3d 879, 882 (Tex. 2009) (discussing the current pretrial discovery rules which
"establish a date certain for the completion of discovery, which depends on the discovery
plan level and not on the trial date" and concluding that the trial court did not abuse its
discretion in striking an expert affidavit in the summary judgment context where the expert
was not timely designated); see Tex. R. Civ. P. 190.3 (providing the time limitations for
discovery in a level 2 case), Tex. R. Civ. P. 195.2 (delineating the schedule for designating
experts); see also Tex. R. Civ. P. 190.5 (providing that the trial court "may" modify a
discovery control plan at any time and "must" do so when "the interest of justice requires"),
Tex. R. Civ. P. 193.6 (providing for the exclusion of evidence that was not timely disclosed
unless the proponent of the evidence establishes good cause or a lack of unfair surprise
or prejudice). In this regard, we note that the case was pleaded as a discovery level 2 case
and the agreed scheduling order does not meet the requirements established by the rules
of civil procedure for a level 3 case. See Tex. R. Civ. P. 190.2-.4 (discussing the
application and limitations for the three levels of discovery control plans). Relators
deposed the treating physician for the real parties in interest, who provided testimony
pertaining to the causation of damages, on July 10, 2008 and deposed the real party at
issue herein, Carrie Basaldua, on May 19, 2009, yet relators did not attempt to designate
Allnutt until September 22, 2009. Under these circumstances, relators have neither shown
that Allnutt's designation was necessary because of new pleadings or information, or that
matters had changed materially after the discovery cutoff, nor have they shown good cause
for the late designation or the lack of unfair surprise or prejudice to real parties in interest. 

 Accordingly, the stay previously imposed by this Court is LIFTED and the petition
for writ of mandamus is DENIED. See Tex. R. App. P. 52.8(a). 


 PER CURIAM


 

Delivered and filed

the 11th day of March, 2010.

 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).