

## NUMBER 13-10-00042-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE: CARL BAUMGARTNER, III AND
### TETRA TECHNOLOGIES, INC.

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Vela
### Memorandum Opinion Per Curiam[1]

By petition for writ of mandamus, relators, Carl Baumgartner, III and Tetra Technologies, Inc., challenge an order of the trial court striking their designation of Richard Allnutt, M.D., M.P.H., M.S., as a bio-mechanical expert witness. The Court requested and received a response from the real parties in interest, Carrie Basaldua and Dionicio Basaldua. We deny the writ.

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus will issue only to correct a clear abuse of discretion for which relators have no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference to guiding rules and principles. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments; on the other hand, when the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding) (op. on reh'g). A party does not have an adequate remedy by appeal when, inter alia, the party's ability to present a viable claim or defense is severely compromised or vitiated by the erroneous discovery ruling to the extent that it is effectively denied the ability to develop the merits of its case. *Walker*, 827 S.W.2d at 843.

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relators have not shown themselves entitled to the relief sought. First, based on the allegations herein, we conclude that relators have not shown that they lack an adequate remedy by appeal. Relators have neither clearly established the impossibility of defending the underlying personal injury lawsuit, nor have they shown that the exclusion of the expert testimony prevents them from defending against the claims of the real parties in interest such that a trial would be a waste of judicial resources, nor have they shown that a remedy by appeal will cause them "the

2

permanent loss of substantial rights." *In re Kan. City S. Indus.*, 139 S.W.3d 669, 670 (Tex. 2004). In this regard, we note that, although the real parties in interest had designated an expert in bio-mechanics by November 21, 2008, the deadline included in the original agreed scheduling order, they have stated on the record that they do not intend to call this expert at trial.

Second, relators have not established that the trial court clearly abused its discretion in excluding the expert witness at issue herein. *See Fort Brown Villas v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009) (discussing the current pretrial discovery rules which "establish a date certain for the completion of discovery, which depends on the discovery plan level and not on the trial date" and concluding that the trial court did not abuse its discretion in striking an expert affidavit in the summary judgment context where the expert was not timely designated); *see* Tᴇx. R. Cɪv. P. 190.3 (providing the time limitations for discovery in a level 2 case), Tᴇx. R. Cɪv. P. 195.2 (delineating the schedule for designating experts); *see also* Tᴇx. R. Cɪv. P. 190.5 (providing that the trial court "may" modify a discovery control plan at any time and "must" do so when "the interest of justice requires"), Tᴇx. R. Cɪv. P. 193.6 (providing for the exclusion of evidence that was not timely disclosed unless the proponent of the evidence establishes good cause or a lack of unfair surprise or prejudice). In this regard, we note that the case was pleaded as a discovery level 2 case and the agreed scheduling order does not meet the requirements established by the rules of civil procedure for a level 3 case. *See* Tᴇx. R. Cɪv. P. 190.2-.4 (discussing the application and limitations for the three levels of discovery control plans). Relators deposed the treating physician for the real parties in interest, who provided testimony pertaining to the causation of damages, on July 10, 2008 and deposed the real party at

issue herein, Carrie Basaldua, on May 19, 2009, yet relators did not attempt to designate Allnutt until September 22, 2009. Under these circumstances, relators have neither shown that Allnutt's designation was necessary because of new pleadings or information, or that matters had changed materially after the discovery cutoff, nor have they shown good cause for the late designation or the lack of unfair surprise or prejudice to real parties in interest.

Accordingly, the stay previously imposed by this Court is LIFTED and the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed
the 11th day of March, 2010.

4