IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-11-00248-CV

 

In
re Kevin Schronk, Individually and as Representative of the Estate of Helen
Schronk, Deceased, and Dustin Schronk

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Relators, Kevin
Schronk, individually and as representative of the estate of Helen Schronk,
deceased, and Dustin Schronk, filed a petition for writ of mandamus, arguing
that the respondent, Judge William C. Bosworth Jr. of the 413th Judicial
District Court, clearly abused his discretion in excluding the testimony of two
of their expert witnesses, Kenneth Desser, M.D. and Edward Reese, Ph.D.[1] 
Through this original proceeding, relators assert that both of their expert
witnesses are qualified to testify and that their testimony is relevant and reliable. 
As such, relators request that we grant them mandamus relief and direct the
respondent to vacate his orders granting motions to exclude the testimony of
both Dr. Desser and Dr. Reese filed by real parties in interest, Laerdal
Medical Corporation (“Laerdal”).  For the reasons stated herein, we deny the
petition for writ of mandamus.[2]

I.      
Background

 

This is the
second time this case has been before this Court.  See Schronk v. City of
Burleson, No. 10-07-00399-CV, 2009 Tex. App. LEXIS 5654 (Tex. App.—Waco
July 22, 2009, pet. filed).  As noted in our original opinion pertaining to
these facts, relators filed a wrongful-death lawsuit against the City of
Burleson and Laerdal “after emergency medical technicians employed by the City
were unable to resuscitate Helen Schronk with an automatic external
defibrillator (“AED”) manufactured by Laerdal.”  Id. at *2.  Relators
alleged that emergency medical technicians made several attempts to administer
a defibrillating shock with the AED but could not do so because of a low
battery.  Id. at *3.  Later, another AED was brought to the scene and
additional shocks were administered, but Helen could not be resuscitated.  Id. 
She was pronounced dead on arrival at the hospital.  Id.

In their
lawsuit, relators argue that Laerdal is liable “(1) for negligence in the:  (a)
design, manufacture, marketing, etc. of the AED; (b) training of City employees
in the operation and maintenance of the AED; (c) service and maintenance of the
AED; and (d) labeling of the AED battery; and (2) for selling an unreasonably
dangerous product.”  Id.

On original
submission, relators complained about a plea to the jurisdiction granted in
favor of the City and a summary judgment granted in Laerdal’s favor.[3] 
Id. at *2.  Specifically, relators contended that the trial court erred
by, among other things, granting Laerdal’s summary-judgment motion “because the
motion did not address their product liability claim and genuine issues of
material fact remain on their negligence claim.”[4] 
Id.  We concluded that summary judgment for Laerdal was improper because
genuine issues of material fact remained as to whether the AED malfunctioned or
was defective; whether the AED was misbranded; and whether the manufacturer’s
alleged negligence was a proximate cause of Helen’s death.[5] 
Id. at **64-70.  Accordingly, this matter was remanded to the trial
court for further proceedings.  Id. at *70.

On remand,
Laerdal filed motions to exclude the testimony of Dr. Desser and Dr. Reese
based primarily on Texas Rule of Evidence 702.  See Tex. R. Evid. 702.  In particular,
Laerdal asserted that Dr. Desser’s testimony is unreliable and constitutes
unsupported speculation.  With regard to Dr. Reese’s testimony, Laerdal
contended that:  (1) Dr. Reese is unqualified to opine as to any defect of the
AED or its battery; (2) his opinions are irrelevant with respect to the
adequacy of the warnings or labeling of the batteries; (3) his opinions with
regard to Laerdal’s alleged non-compliance with Federal Drug Administration
regulations are irrelevant; and (4) his opinions are unreliable because they
are “based on a wholly unsubstantiated assumption that the wrong battery was
returned to Laerdal for testing.”  On April 28, 2011, the trial court granted,
in two orders, Laerdal’s motions to exclude the testimony of both Dr. Desser
and Dr. Reese.[6] 
These two orders serve as the basis for relator’s petition for writ of
mandamus.[7]

II.   
Standard of Review

 

            To be entitled to mandamus
relief, a petitioner must show that the trial court clearly abused its
discretion and that the relator has no adequate remedy by appeal.  In re
McAllen Med. Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008) (orig.
proceeding).  The adequacy of an appellate remedy must be determined by
balancing the benefits of mandamus review against its detriments.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex. 2004) (orig.
proceeding).  In evaluating the benefits and detriments, the reviewing court
must consider whether mandamus relief will safeguard “important substantive and
procedural rights from impairment or loss.”  Id.  In addition to the
impairment of rights, the reviewing court must consider whether mandamus will
“allow the appellate courts to give needed and helpful direction to the law
that would otherwise prove elusive in appeals from final judgments.”  Id.;
see In re Global Santa Fe Corp., 275 S.W.3d 477, 483 (Tex. 2008) (orig.
proceeding).

            Traditionally, a writ of
mandamus was available only to compel the performance of a ministerial act or
duty.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).  However,
mandamus also lies where the trial court has clearly abused its discretion.  Id.
at 839-40.  A trial court clearly abuses its discretion if “it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial
error of law.”  Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917
(Tex. 1985).

            Moreover, mandamus will not
issue where there is “a clear and adequate remedy at law, such as a normal
appeal.”  State v. Walker, 679 S.W.23d 484, 485 (Tex. 1984).  Mandamus
is intended to be an extraordinary remedy, available only in limited
circumstances; thus, the writ will issue “only in situations involving manifest
and urgent necessity and not for grievances that may be addressed by other
remedies.”  Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684
(Tex. 1989).  The requirement that persons seeking mandamus relief establish
the lack of an appellate remedy is a “fundamental tenet” of mandamus practice. 
Id.  Nevertheless, “[u]sed selectively, mandamus can ‘correct clear
errors in exceptional cases and afford appropriate guidance to the law without
the disruption and burden of interlocutory appeal.”  In re Columbia Med.
Ctr. of Las Colinas, L.P., 290 S.W.3d 204, 207 (Tex. 2009) (orig.
proceeding) (emphasis added).

III. Excluding
Expert Witness Testimony

 

            In their petition, relators
rely heavily on the cost-benefit analysis espoused in McAllen Medical Center
and Prudential.  See In re McAllen Med. Ctr., Inc., 275
S.W.3d at 462[8];
see also In re Prudential Ins. Co. of Am., 148 S.W.3d at 136. 
In particular, relators contend that they are entitled to mandamus relief
because the trial court’s decision to exclude the testimony of Dr. Desser and
Dr. Reese is a clear abuse of discretion for which the benefits of mandamus
review are outweighed by the detriments.

            Decisions as to the
admission or exclusion of evidence are left to the trial court’s discretion.  In
re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005).  This standard extends to a
trial court’s admission or exclusion of expert testimony.  Gammill v. Jack
Williams Chevrolet, Inc., 972 S.W.2d 713, 718 (Tex. 1998).  “The test for
abuse of discretion is whether the trial court acted without reference to any
guiding rules or principles.”  E.I. du Pont de Nemours & Co. v. Robinson,
923 S.W.2d 549, 558 (Tex. 1995); see City of San Benito v. Rio Grande Valley
Gas Co., 109 S.W.3d 750, 757 (Tex. 2003).

            The trial court’s ruling on
the admissibility of expert testimony is commonly reviewed on direct appeal for
an abuse of discretion.  See, e.g., Broders v. Heise, 924 S.W.2d 148,
151 (Tex. 1996); In re SDI Indus., Inc., No. 13-09-00128-CV, 2009 Tex.
App. LEXIS 1955, at *5 (Tex. App.—Corpus Christi Mar. 23, 2009, orig.
proceeding) (mem. op.) (per curiam); In re Pilgrim’s Pride Corp., No.
06-08-00109-CV, 2008 Tex. App. LEXIS 8619, at *5 (Tex. App.—Texarkana Nov. 17,
2008, orig. proceeding) (mem. op.).  Therefore, based on the record presented,
we conclude that relators have an adequate remedy by appeal.  See In re Ford
Motor Co., 988 S.W.2d 714, 721 (Tex. 1998) (“An appellate remedy is not
inadequate merely because it might involve more delay or cost than mandamus.”);
In re Thornton-Johnson, 65 S.W.3d 137, 139 (Tex. App.—Amarillo 2001,
orig. proceeding) (denying mandamus relief for an order excluding the testimony
of an expert witness); In re Kellogg Brown & Root, Inc., 7 S.W.3d
655, 658 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (same); see
also In re SDI Indus., Inc., 2009 Tex. App. LEXIS 1955, at **5-6 (same).

            Relators have not clearly
established the impossibility of prosecuting the underlying wrongful-death
lawsuit.  Nor have relators shown that excluding these two experts prevent them
from prosecuting their claims against Laerdal such that a trial would be a waste
of judicial resources.  In addition, relators have not shown that a remedy by
appeal will cause them “the permanent loss of substantial rights.”  See In
re Kan. City S. Indus., Inc., 139 S.W.3d 669, 670 (Tex. 2004) (orig.
proceeding).

Given our
conclusion that relators have an adequate remedy by appeal, we need not address
at this time whether or not the trial court’s ruling excluding the testimony of
Dr. Desser and Dr. Reese constituted an abuse of discretion.  See, e.g., In
re SDI Indus., Inc., 2009 Tex. App. LEXIS 1955, at *6.  Accordingly, the
petition for writ of mandamus is DENIED.  See Tex. R. App. P. 52.8(a).

 

 

AL SCOGGINS

                                                                                    Justice

 

 

Before Chief
Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Denied

Opinion
delivered and filed August 31, 2011

[OT06]

 








 









[1] Kevin Schronk was Helen’s husband, and
Dustin Schronk is the couple’s child.

 





[2] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”).





[3] In its summary-judgment motion, Laerdal
did not challenge the qualifications of Dr. Desser and Dr. Reese, nor did it
argue that the testimony of the doctors is irrelevant or unreliable.

 





[4] Relators also raised issues with regard
to the City; however, pursuant to an agreed order to dismiss, the City has been
dismissed from this action.

 





[5] Chief Justice Gray concurred, in part,
and dissented, in part.  He concurred with the Court’s decision to reverse and
remand the summary judgment granted in favor of Laerdal for further
proceedings.  However, he dissented from the Court’s reversal of the plea to
the jurisdiction granted in favor of the City.  As previously noted, the City
is not a party to this appeal; thus, the plea to the jurisdiction is irrelevant
in this matter.

 





[6] With regard to Dr. Desser, the trial
court excluded portions of his testimony pertaining to causation and the
likelihood of Helen’s survival.  Portions of Dr. Reese’s testimony pertaining
to “the issues of alleged negligence of Laerdal Medical Corporation with
respect to the design, labeling, and manufacturing of the AED and/or batteries,
or any alleged violations of FDA regulations” were excluded by the trial court.

 





[7] On May 3, 2011, the trial court denied
a motion to reconsider the orders excluding the testimony of Dr. Desser and Dr.
Reese filed by relators.





[8] In McAllen Medical Center, the
Texas Supreme Court stated that “mandamus relief is available when the purposes
of the health care statute would otherwise be defeated.”  275 S.W.3d 458, 462
(Tex. 2008).  In that case, more than 200 plaintiffs alleged negligence on the
part of a hospital, and the plaintiffs submitted an expert report.  Id. 
The defendant hospital moved to strike the expert report on the ground that the
expert was not qualified to comment on the issues involved; however, more than
four years after the trial court received the motion, it was denied.  Id. 
In any event, the supreme court listed several circumstances where an appeal
would not provide an adequate remedy, including cases forcing parties to:  (1)
trial in a case where they agreed to arbitrate; (2) trial on an issue they
agreed to submit to appraisers; (3) a jury trial when they agreed to a bench
trial; (4) trial in a forum other than the one they contractually selected; (5)
trial with an attorney other than the one they properly chose; (6) trial with
an attorney who should be attending the Legislature; and (7) trial with no
chance for one party to prepare a defense.  Id. at 465 (citations
omitted).  The supreme court also noted the following additional instances in
which an appeal would be inadequate:  (1) “when a trial court refused to compel
arbitration”; (2) “when an appellate court denied an extension of time to file
an appellate record”; (3) “when a trial court refused to compel discovery until
30 days before trial”; (4) “when a trial court denied a special appearance in a
mass tort case”; and (5) “when a trial court imposed a monetary penalty on a
party’s prospective exercise of its legal rights.”  Id. at 468
(citations omitted).  Ultimately, the supreme court determined that the trial
court clearly abused its discretion by concluding that plaintiffs’ expert
reports were adequate given that plaintiffs’ expert was not qualified to offer
an opinion in support of the plaintiffs’ credentialing claims.  Id. at
469-70.