IN THE
TENTH COURT OF APPEALS



————————

No. 10-11-00248-CV

IN RE KEVIN SCHRONK, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF HELEN SCHRONK,
DECEASED, AND DUSTIN SCHRONK

————————

Original Proceeding

————————

## MEMORANDUM OPINION

Relators, Kevin Schronk, individually and as representative of the estate of Helen Schronk, deceased, and Dustin Schronk, filed a petition for writ of mandamus, arguing that the respondent, Judge William C. Bosworth Jr. of the 413th Judicial District Court, clearly abused his discretion in excluding the testimony of two of their expert witnesses, Kenneth Desser, M.D. and Edward Reese, Ph.D.[1] Through this original proceeding, relators assert that both of their expert witnesses are qualified to testify and that their testimony is relevant and reliable. As such, relators request that we grant them

_____

[1] Kevin Schronk was Helen's husband, and Dustin Schronk is the couple's child.

mandamus relief and direct the respondent to vacate his orders granting motions to exclude the testimony of both Dr. Desser and Dr. Reese filed by real parties in interest, Laerdal Medical Corporation ("Laerdal"). For the reasons stated herein, we deny the petition for writ of mandamus.[2]

## I. BACKGROUND

This is the second time this case has been before this Court. *See Schronk v. City of Burleson*, No. 10-07-00399-CV, 2009 Tex. App. LEXIS 5654 (Tex. App.—Waco July 22, 2009, pet. filed). As noted in our original opinion pertaining to these facts, relators filed a wrongful-death lawsuit against the City of Burleson and Laerdal "after emergency medical technicians employed by the City were unable to resuscitate Helen Schronk with an automatic external defibrillator ("AED") manufactured by Laerdal." *Id.* at *2. Relators alleged that emergency medical technicians made several attempts to administer a defibrillating shock with the AED but could not do so because of a low battery. *Id.* at *3. Later, another AED was brought to the scene and additional shocks were administered, but Helen could not be resuscitated. *Id.* She was pronounced dead on arrival at the hospital. *Id.*

In their lawsuit, relators argue that Laerdal is liable "(1) for negligence in the: (a) design, manufacture, marketing, etc. of the AED; (b) training of City employees in the operation and maintenance of the AED; (c) service and maintenance of the AED; and (d)

---

[2] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.").

labeling of the AED battery; and (2) for selling an unreasonably dangerous product."

*Id.*

On original submission, relators complained about a plea to the jurisdiction granted in favor of the City and a summary judgment granted in Laerdal's favor.[3] *Id.* at *2. Specifically, relators contended that the trial court erred by, among other things, granting Laerdal's summary-judgment motion "because the motion did not address their product liability claim and genuine issues of material fact remain on their negligence claim."[4] *Id.* We concluded that summary judgment for Laerdal was improper because genuine issues of material fact remained as to whether the AED malfunctioned or was defective; whether the AED was misbranded; and whether the manufacturer's alleged negligence was a proximate cause of Helen's death.[5] *Id.* at **64-70. Accordingly, this matter was remanded to the trial court for further proceedings. *Id.* at *70.

On remand, Laerdal filed motions to exclude the testimony of Dr. Desser and Dr. Reese based primarily on Texas Rule of Evidence 702. *See* TEX. R. EVID. 702. In particular, Laerdal asserted that Dr. Desser's testimony is unreliable and constitutes

---

[3] In its summary-judgment motion, Laerdal did not challenge the qualifications of Dr. Desser and Dr. Reese, nor did it argue that the testimony of the doctors is irrelevant or unreliable.

[4] Relators also raised issues with regard to the City; however, pursuant to an agreed order to dismiss, the City has been dismissed from this action.

[5] Chief Justice Gray concurred, in part, and dissented, in part. He concurred with the Court's decision to reverse and remand the summary judgment granted in favor of Laerdal for further proceedings. However, he dissented from the Court's reversal of the plea to the jurisdiction granted in favor of the City. As previously noted, the City is not a party to this appeal; thus, the plea to the jurisdiction is irrelevant in this matter.

unsupported speculation. With regard to Dr. Reese's testimony, Laerdal contended that: (1) Dr. Reese is unqualified to opine as to any defect of the AED or its battery; (2) his opinions are irrelevant with respect to the adequacy of the warnings or labeling of the batteries; (3) his opinions with regard to Laerdal's alleged non-compliance with Federal Drug Administration regulations are irrelevant; and (4) his opinions are unreliable because they are "based on a wholly unsubstantiated assumption that the wrong battery was returned to Laerdal for testing." On April 28, 2011, the trial court granted, in two orders, Laerdal's motions to exclude the testimony of both Dr. Desser and Dr. Reese.[6] These two orders serve as the basis for relator's petition for writ of mandamus.[7]

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against its detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). In evaluating the benefits and detriments, the reviewing court must consider whether mandamus relief will safeguard "important

---

[6] With regard to Dr. Desser, the trial court excluded portions of his testimony pertaining to causation and the likelihood of Helen's survival. Portions of Dr. Reese's testimony pertaining to "the issues of alleged negligence of Laerdal Medical Corporation with respect to the design, labeling, and manufacturing of the AED and/or batteries, or any alleged violations of FDA regulations" were excluded by the trial court.

[7] On May 3, 2011, the trial court denied a motion to reconsider the orders excluding the testimony of Dr. Desser and Dr. Reese filed by relators.

substantive and procedural rights from impairment or loss." *Id.* In addition to the impairment of rights, the reviewing court must consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.*; *see In re Global Santa Fe Corp.*, 275 S.W.3d 477, 483 (Tex. 2008) (orig. proceeding).

Traditionally, a writ of mandamus was available only to compel the performance of a ministerial act or duty. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). However, mandamus also lies where the trial court has clearly abused its discretion. *Id.* at 839-40. A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

Moreover, mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *State v. Walker*, 679 S.W.23d 484, 485 (Tex. 1984). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances; thus, the writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989). The requirement that persons seeking mandamus relief establish the lack of an appellate remedy is a "fundamental tenet" of mandamus practice. *Id.* Nevertheless, "[u]sed selectively, mandamus can 'correct *clear* errors in exceptional cases and afford appropriate guidance to the law without the disruption and burden of interlocutory appeal." *In re*

*Columbia Med. Ctr. of Las Colinas, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding) (emphasis added).

### III. EXCLUDING EXPERT WITNESS TESTIMONY

In their petition, relators rely heavily on the cost-benefit analysis espoused in *McAllen Medical Center* and *Prudential*. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462[8]; *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In particular, relators contend that they are entitled to mandamus relief because the trial court's decision to exclude the testimony of Dr. Desser and Dr. Reese is a clear abuse of discretion for which the benefits of mandamus review are outweighed by the detriments.

Decisions as to the admission or exclusion of evidence are left to the trial court's discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). This standard extends to a trial court's admission or exclusion of expert testimony. *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 718 (Tex. 1998). "The test for abuse of discretion is whether the

---

[8] In *McAllen Medical Center*, the Texas Supreme Court stated that "mandamus relief is available when the purposes of the health care statute would otherwise be defeated." 275 S.W.3d 458, 462 (Tex. 2008). In that case, more than 200 plaintiffs alleged negligence on the part of a hospital, and the plaintiffs submitted an expert report. *Id.* The defendant hospital moved to strike the expert report on the ground that the expert was not qualified to comment on the issues involved; however, more than four years after the trial court received the motion, it was denied. *Id.* In any event, the supreme court listed several circumstances where an appeal would not provide an adequate remedy, including cases forcing parties to: (1) trial in a case where they agreed to arbitrate; (2) trial on an issue they agreed to submit to appraisers; (3) a jury trial when they agreed to a bench trial; (4) trial in a forum other than the one they contractually selected; (5) trial with an attorney other than the one they properly chose; (6) trial with an attorney who should be attending the Legislature; and (7) trial with no chance for one party to prepare a defense. *Id.* at 465 (citations omitted). The supreme court also noted the following additional instances in which an appeal would be inadequate: (1) "when a trial court refused to compel arbitration"; (2) "when an appellate court denied an extension of time to file an appellate record"; (3) "when a trial court refused to compel discovery until 30 days before trial"; (4) "when a trial court denied a special appearance in a mass tort case"; and (5) "when a trial court imposed a monetary penalty on a party's prospective exercise of its legal rights." *Id.* at 468 (citations omitted). Ultimately, the supreme court determined that the trial court clearly abused its discretion by concluding that plaintiffs' expert reports were adequate given that plaintiffs' expert was not qualified to offer an opinion in support of the plaintiffs' credentialing claims. *Id.* at 469-70.

trial court acted without reference to any guiding rules or principles." *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003).

The trial court's ruling on the admissibility of expert testimony is commonly reviewed on direct appeal for an abuse of discretion. *See, e.g., Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996); *In re SDI Indus., Inc.*, No. 13-09-00128-CV, 2009 Tex. App. LEXIS 1955, at *5 (Tex. App.—Corpus Christi Mar. 23, 2009, orig. proceeding) (mem. op.) (per curiam); *In re Pilgrim's Pride Corp.*, No. 06-08-00109-CV, 2008 Tex. App. LEXIS 8619, at *5 (Tex. App.—Texarkana Nov. 17, 2008, orig. proceeding) (mem. op.). Therefore, based on the record presented, we conclude that relators have an adequate remedy by appeal. *See In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) ("An appellate remedy is not inadequate merely because it might involve more delay or cost than mandamus."); *In re Thornton-Johnson*, 65 S.W.3d 137, 139 (Tex. App.—Amarillo 2001, orig. proceeding) (denying mandamus relief for an order excluding the testimony of an expert witness); *In re Kellogg Brown & Root, Inc.*, 7 S.W.3d 655, 658 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (same); *see also In re SDI Indus., Inc.*, 2009 Tex. App. LEXIS 1955, at **5-6 (same).

Relators have not clearly established the impossibility of prosecuting the underlying wrongful-death lawsuit. Nor have relators shown that excluding these two experts prevent them from prosecuting their claims against Laerdal such that a trial would be a waste of judicial resources. In addition, relators have not shown that a

remedy by appeal will cause them "the permanent loss of substantial rights." *See In re Kan. City S. Indus., Inc.*, 139 S.W.3d 669, 670 (Tex. 2004) (orig. proceeding).

Given our conclusion that relators have an adequate remedy by appeal, we need not address at this time whether or not the trial court's ruling excluding the testimony of Dr. Desser and Dr. Reese constituted an abuse of discretion. *See, e.g., In re SDI Indus., Inc.*, 2009 Tex. App. LEXIS 1955, at *6. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Denied
Opinion delivered and filed August 31, 2011
[OT06]