**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 11, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00243-CV

---

### IN RE MARK THUESEN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-49262**

---

## MEMORANDUM OPINION

On March 26, 2013, relator Mark Thuesen filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Mike Engelhart, presiding judge of the 151st District Court of Harris County, to set aside his order denying relator's motion for partial summary judgment and to grant the motion.

Relator was an owner and resident of a condominium project known as 2520 Robinhood, and he formerly served as president of the 2520 Robinhood at Kirby

Condominium Association. The record in this proceeding indicates that relator, the condominium association, and its management company have been involved in several lawsuits with neighbors and members of the Houston real estate community.

Swamplot Industries, LLC operates a website, Swamplot.com, which reports on matters related to Houston real estate. Laurence Albert, and his wife, Beth Brinsdon, operate Swamplot, including the website. Swamplot.com posted a number of stories related to the 2520 Robinhood lawsuits. In May of 2011, relator and the condominium association filed suit against Swamplot.com. based on comments posted on the site, but the action was non-suited a few months later. In August of 2012, Swamplot Industries, Albert, and Brinsdon, filed the underlying suit against relator and others, alleging malicious prosecution, defamation, and other related claims.

On February 11, 2013, relator filed a motion for partial summary judgment on five causes of action: (1) trespass to real property; (2) invasion of Privacy by intrusion on seclusion; (3) public disclosure of private facts; (4) product disparagement; and (5) violations of the Texas Wiretap Act. Relator included his own affidavit "unequivocally denying any involvement in these causes of action." The real parties responded, objecting that discovery had not been completed. An affidavit from real party Albert was included with the response. On March 6, 2013, the trial court denied relator's motion for partial summary judgment. This proceeding followed.

Relator raises two issues in this proceeding. He asserts that his motion for summary judgment was denied in error and that the real party's affidavit filed in response to the summary judgment motion was defective and void.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).

Mandamus is generally unavailable when a trial court denies summary judgment, no matter how meritorious the motion, because "trying a case in which summary judgment would have been appropriate does not mean the case will have to be tried twice." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465–66 (Tex. 2008) (stating that parties are not "entitled" to summary judgment in the same way they are entitled to arbitration). Only the most extraordinary circumstances warrant mandamus relief from the erroneous denial of a motion for summary judgment. *See In re USAA,* 307 S.W.3d 299, 314 (Tex. 2010) (granting relief to enforce limitations after relator had already endured trial in incorrect jurisdiction). Relator has not presented such extraordinary circumstances.

Relator argues only that because an interlocutory order denying a motion for summary judgment may not be immediately appealed, he lacks an adequate

appellate remedy. As the Texas Supreme Court has repeatedly held, the cost or delay incident to pursuing an appeal does not make the remedy inadequate. *See In re Kansas City S. Indus, Inc*., 139 S.W.3d 669, 670 (Tex. 2004).

Relator has an adequate remedy by appeal after a final judgment is signed in the underlying case. Accordingly, we deny his petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.