**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 11, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00255-CV

### IN RE MARK THUESEN, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-49262**

## MEMORANDUM OPINION

On March 27, 2013, relator Mark Thuesen filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Mike Engelhart, presiding judge of the 151st District Court of Harris County, to set aside his order

On April 4, 2013, relator filed a motion to stay proceedings in the court below. *See* Tex. R. App. P. 52.10. In his motion, relator urged that a stay is

necessary because the trial court has been requested to sign a final judgment in the underlying case. On April 8, 2013, the court denied relator's motion for stay.

Relator was an owner and resident of a condominium project known as 2520 Robinhood, and he formerly served as president of the 2520 Robinhood at Kirby Condominium Association. The record in this proceeding indicates that relator, the condominium association, and its management company have been involved in several lawsuits with neighbors and members of the Houston real estate community.

Swamplot Industries, LLC operates a website, Swamplot.com, which reports on matters related to Houston real estate. Laurence Albert and his wife, Beth Brinsdon, operate Swamplot, including the website. Swamplot.com posted a number of stories related to the 2520 Robinhood lawsuits. In May 2011, relator and the condominium association filed suit against Swamplot.com. based on comments posted on the site, but the action was non-suited a few months later. In August 2012, Swamplot Industries, Albert, and Brinsdon, filed the underlying suit against relator and others, alleging malicious prosecution, defamation, and other claims.

Relator brought third party claims against Catherine Schoolar, Candace Garcia, Aaron Neil Carpenter, and Craig Phillip Malisow. Malisow, Schoolar, and Garcia filed motions to dismiss relator's claims pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code, the Texas Citizens Participation Act ("TCPA"), which provides for dismissal of actions involving the exercise of certain constitutional rights, including freedom of speech. See Tex. Civ. Prac. & Rem. Code §§ 27.001–27.011. On March 4, 2013, the trial court signed orders granting the motions to dismiss filed by Malisow, Schoolar and Garcia and ordering attorneys fees against relator. On March 25, 2013, the trial court denied relator's motion for reconsideration. This proceeding followed.

Relator raises eight issues in this proceeding. He challenges the constitutionality of Chapter 27 of the Texas Civil Practice and Remedies Code. He asserts that he was denied the right to nonsuit and denied a trial on the merits. Relator argues that Chapter 27 effectively permits a pre-trial directed verdict and should be required to comply with summary judgment standards. He complains that the real parties are not entitled to sanctions because they did not plead for affirmative relief, and he asserts that the sanctions awarded are excessive. He complains that the trial court improperly conducted an evidentiary hearing on the dismissal motions. Finally, relator asserts that because he amended his petition before the hearing on the motions to dismiss, the dismissal motions were required to be amended.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*

When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). We will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Id.* at 840. Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989). Mandamus should not be used as an alternative to appeal or to address grievances that may be

addressed by other remedies. *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990) (per curiam).

In relator's motion to stay the trial court proceedings, he asserts that the trial court recently signed an order severing the claims against Schoolar, Garcia, and Malisow, the real parties-in-interest in this proceeding.[1] In addition, relator asserts that the real parties have filed a motion for entry of a final judgment. Relator sought a stay, alleging that "[t]he trial court's signing of this order of final judgment serves no purpose other than to burden the 14th Court of Appeals with doubling the amount of work for identical issues." We denied the stay request because an appeal from a final judgment actually provides a better remedy for relator's claim that the trial court erred in granting motions to dismiss.

An appeal provides more complete review of an order disposing of a party's claims than review by petition for writ of mandamus. An appellate court may not deal with disputed matters of fact in an original mandamus proceeding. *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990). When the issues before the trial court necessarily require factual determinations, the court of appeals abuses its discretion when it resolves those issues in an original mandamus proceeding. *Id.* at 716. Absent extraordinary circumstances not present here, an interlocutory ruling on a motion to dismiss is incident to the ordinary trial process and should be challenged by appeal, not corrected by mandamus. *See Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59-60 (Tex. 1991); *In re Dennis,* No. 14-11-00595-CV, 2011 WL 2791126 *1 (Tex. App.—Houston [14th Dist.] July 14, 2011, orig. proceeding) (mem. op.).

---

[1] A trial court may make a judgment that fails to dispose of all parties final for purposes of appeal by severing the causes and parties disposed of into a different cause. *Martinez v. Humble Sand & Gravel, Inc*., 875 S.W.2d 311, 312 (Tex. 1994).

The cost or delay of having to go through trial and the appellate process does not make a remedy by appeal inadequate. [2] *In re Kan. City S. Indus., Inc.*, 139 S.W.3d 669, 670 (Tex. 2004). An appeal is inadequate when it comes too late to correct the court's error without the loss of substantial rights to the complaining party. *Id.* An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *Prudential Ins. Co.*, 148 S.W.3d at 136. Under the circumstances presented here, the benefits, both to the parties and to the reviewing court, from a complete appellate record and full briefing in a normal appeal outweigh any benefits from mandamus.

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

---

[2] Any delay from an appeal should be minimal. Appellate courts are required to expedite appeals from orders on motions to dismiss brought pursuant to Chapter 27. *See* Tex. Civ. Prac. & Rem. Code § 27.008(b).