**v.**

**The STATE of Texas, Appellee.**

Nos. 09–12–00192–CV, 09–12–00193–CV.

Court of Appeals of Texas, Beaumont.

Submitted May 7, 2012.

Decided June 28, 2012.

Sean Villery–Samuel, Beaumont, for relator/appellant.

Tyrone E. Cooper, Quentin D. Price, City of Beaumont, John Werner, Reaud, Morgan & Quinn, LLP, Beaumont, for real parties in interest/appellees.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Relator, K.P., filed a petition for writ of mandamus and a notice of appeal complaining that the trial court vacated an order that it previously entered granting K.P.'s petition for expunction. K.P. complains the trial court vacated its prior order in deference to a newspaper's pending request for the records under the Texas Public Information Act, and that it then released the records it had gathered concerning K.P.'s arrest to the newspaper, effectively allowing their return to the public sphere. *See* Tex. Gov't Code Ann. § 552.221 (West 2004) (Application for Public Information; Production of Public Information). According to K.P., the trial court by withdrawing the order and releasing the records at issue has prevented K.P. from protecting his right in an appeal to demonstrate that the newspaper was without standing to participate in the proceedings that concerned the expunction. To prevent the immediate release of K.P.'s records pending our resolution of the issues K.P. has raised in this Court, K.P. also filed an emergency motion to stay the release of the records at issue, which we granted, to preserve K.P.'s issues for review.

To maintain the status quo pending our resolution of K.P.'s current appeal and his request that we issue a writ of mandamus, we also ordered that the records at issue were not to be disclosed pending further order. After considering the issues that the parties to this proceeding have raised, we conclude the trial court's order vacating the order of expunction is interlocutory because the trial court's proceedings have not yet concluded; we hold that the order vacating the trial court's order of expunction is not appealable at this time. However, to preserve K.P.'s right to appeal and to prevent the loss of K.P.'s rights pending appeal, we further conclude that K.P. was entitled to have the trial court grant his request to prevent the release of the records at issue pending the trial court's entry of a final judgment. Under the unique circumstances that are present here, we

conclude that the trial court abused its discretion by granting K.P.'s request for expunction and then withdrawing that decision and releasing K.P.'s records without protecting the records at issue from becoming public pending the trial court's entry of a final judgment. Therefore, we conditionally grant K.P.'s mandamus in part, and direct the trial court to enter an order protecting the records at issue from disclosure or inspection pending the trial court's entry of a final and appealable order.

## Background

In December 2011, K.P. filed a petition to expunge various records related to his 2011 arrest. In March 2012, based on K.P.'s first amended petition for expunction filed in February 2012, the trial court granted K.P.'s request asking that the records related to his 2011 arrest be expunged, and the trial court entered an order expunging the records at issue. In its March 2012 order, the trial court found that K.P met the requirements of the expunction statute and held that K.P. had shown that he was entitled to have the records of his arrest expunged.

Subsequently, but prior to the expiration of the trial court's plenary power over its March order, The Examiner, a local newspaper, and Jerry Jordan, its managing editor, (collectively referred to as The Examiner) filed a motion to intervene, requesting that the trial court reconsider whether it should have granted K.P.'s request to expunge the records of his 2011 arrest. According to The Examiner's pleadings, The Examiner was investigating K.P.'s arrest and the manner in which the City of Beaumont (the City) had handled K.P.'s criminal prosecution.

In April 2012, the trial court conducted a hearing. The Examiner, through counsel, appeared at the hearing. Although K.P. asked the trial court to hear his challenge regarding whether The Examiner had standing to be heard during the hearing, the trial court refused to rule on K.P.'s motion challenging The Examiner's right to participate in the proceedings. During the hearing, The Examiner's counsel explained that before the trial court had signed the order granting K.P.'s petition, it attempted to secure documents pertaining to K.P.'s arrest and prosecution through an open records request. The Examiner's counsel further explained that on the day before the trial court had issued its order, the Attorney General's office mailed an open records letter ruling, suggesting that the City release some of the information that The Examiner had requested if the records were not subject to an order of expunction. *See* Tex. Att'y Gen. Op. No. OR–04079 (2012). The Examiner suggested that the trial court use its plenary power to vacate its March 2012 expunction order.

It is undisputed that the City's request to the Office of the Attorney General of Texas for a ruling regarding the release of K.P.'s arrest records was pending at the time the trial court heard K.P.'s petition. *See* Tex. Gov't Code Ann. § 552.301 (West Supp.2011) (providing that a governmental agency may request a decision from the Attorney General regarding information it desires to withhold). It is also undisputed that the letter ruling had been mailed but not yet received by the City on the date the trial court issued the order granting K.P.'s request to have his arrest records expunged. Finally, it is undisputed that when the trial court granted K.P.'s petition, neither the trial court nor the parties to the current proceedings were aware that the Attorney General had mailed the letter ruling addressing The Examiner's requested release of the records at issue one day before the trial court granted

K.P.'s motion to expunge the records related to his arrest.

During the April hearing, counsel for The Examiner acknowledged that none of the parties knew about the Attorney General's letter ruling before the trial court granted K.P.'s request for expunction. Although no testimony was introduced during the hearing, and despite the apparent fact that neither the City, The Examiner, nor K.P. was aware the Attorney General had ruled, the trial court expressed concern that its expunction order resulted in "a taint and a possible claim of fraud" because the Attorney General had ruled before the trial court signed the order of expunction. The trial court also expressed concern that the Attorney General's ruling suggested that a partial disclosure of records was required. Nevertheless, the Attorney General's letter ruling is silent with respect to the primacy of a valid court order which grants expunction that is entered after the date the Attorney General issues its letter ruling but before any records are disclosed.[1] Regardless, the Legislature designed the expunction statute to result in court orders which prevent the release of records that are otherwise considered to be public information. *See* Tex. Code Crim. Proc. Ann. art. 55.03(1) (West 2006) (explaining that when the order of expunction is final the release, maintenance, dissemination, or use of the expunged records and files for any purpose is prohibited).

During the April hearing, after hearing from counsel for the City and counsel for The Examiner, the trial court stated that it intended to vacate its order granting expunction to allow the partial disclosure of K.P.'s records to occur. The trial court reached its conclusion without hearing any testimony, stating: "I believe that there's been such a ruckus created over this particular order, I will not in any form or fashion allow this Court to be involved with even the implication that there is some underhanded dealing with an order."

Following the April hearing, the trial court entered an order vacating its March 2012 order. The trial court's April 2012 order states that the "undersigned, *sua sponte,* hereby VACATES AND HOLDS FOR NAUGHT, its prior Order of Expunction For First Amended Petition signed and filed on March 21, 2012."[2] The trial court also directed that his clerk return K.P.'s records to the City, stated that K.P.'s records were no longer under seal, and indicated that the trial court intended to reset the matter for another hearing to occur in thirty days. Although K.P. requested that the trial court protect the records of K.P.'s arrest from disclosure pending its final ruling, the trial court refused to do so, advising K.P.'s counsel that he could object later.

## Analysis

■ First, we address whether the trial court's April 2012 order vacating its March

1. We note that the trial court did not suggest any concern regarding whether its March 2012 order was void, and none of the parties to this proceeding have suggested that the trial court did not have jurisdiction at the time it entered the order at issue. *Cf. In re Beaumont City Attorneys,* No. 09–10–00210–CV, 2010 Tex.App. LEXIS 5334, at **13–14 (Tex.App. Beaumont July 8, 2010, orig. proceeding) (mem. op.) (concluding that trial court's expunction order was invalid and therefore unenforceable against the City be-

cause the City had not received the required notice under the expunction statute).

2. *"Sua sponte"* means "on its own motion; without prompting[.]" Bryan A. Garner, *A Dictionary of Modern Legal Usage* 838 (2d ed.1995). Since The Examiner brought the matter to the trial court's attention and prompted the trial court to act on that basis, we question whether the trial court's action can fairly be characterized as having been done on its own motion.

2012 order granting K.P.'s petition for expunction is a final and appealable order. Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). The April 2012 order that is at issue does not dismiss K.P.'s petition, and the trial court also anticipated that there were to be further proceedings regarding K.P.'s petition for expunction. Further, the April 2012 order contains no language indicating that the trial court intended the April order to be final.

■■■ A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Id.* Here, the trial court's order vacating its order of expunction does not dispose of K.P.'s first amended petition for expunction in Cause Number X–1206; therefore, we conclude that K.P.'s application for expunction in Cause Number X–1206 remains pending in the trial court. Because K.P.'s claims have not yet been decided, the April 2012 order vacating the March 2012 order of expunction is interlocutory; moreover, it is not the type of interlocutory ruling that is appealable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp.2011). We conclude that K.P.'s complaints concerning the trial court's decision to vacate cannot be raised at this point in an appeal from the trial court's April 2012 order. We dismiss K.P.'s appeal for want of jurisdiction.

■■■ Through a writ of mandamus, K.P. has also asked that we require the trial court to withdraw its order of April 2012. *See* Tex.R.App. P. 52. "To obtain a writ of mandamus, a relator must establish not only that the trial court clearly abused its discretion but also that no adequate remedy by appeal exists." *In re Kan. City S. Indus., Inc.*, 139 S.W.3d 669, 670 (Tex. 2004).

■■■ Although the law that governs expunctions is part of the Code of Criminal Procedure, an expunction proceeding is a civil proceeding which is governed by the Rules of Civil Procedure. *See Carson v. State*, 65 S.W.3d 774, 784 (Tex.App.-Fort Worth 2001, no pet.). Under the Texas Rules of Civil Procedure, a trial court generally has thirty days from the date it enters a judgment to vacate, modify, correct, or reform a judgment that would, otherwise, have become final. *See* Tex.R. Civ. P. 329b(d).

■■■ According to K.P., he demonstrated that he meets the statutory requisites establishing his right to a favorable ruling on his petition for expunction. Although K.P. initially received a favorable ruling on his request, the trial court then changed course, vacated the March 2012 order and indicated that it would conduct further proceedings. Because the trial court still had plenary power when it acted, Rule 329b(d) allowed it to withdraw a ruling and then conduct further proceedings to create an evidentiary basis that would support a change in its prior ruling that would otherwise, had it become final, been dispositive. *See id.* If, in subsequent proceedings, the trial court's stated reason proves to be supported by evidence, it is unlikely that the trial court committed reversible error when it vacated its March 2012 order. We conclude that the trial court's decision to set aside the March 2012 order to allow time to conduct further proceedings addressing the trial court's stated concern does not constitute an abuse of discretion. To the extent K.P. asks that we vacate the April 2012 order, his petition for mandamus is denied.

■■■ Nevertheless, whether the trial court had a proper evidentiary basis to release the records depends on whether there will be an evidentiary basis to support the trial court's rulings. When the

April hearing occurred, the trial court had apparently already gathered the records at issue, so the records were no longer within the public domain. *See* Tex.Code Crim. Proc. Ann. art. 55.02 § 5(c) (West Supp. 2011). Generally, unless the trial court's order of expunction permits records to be maintained, the records subject to the trial court's order of expunction are unavailable for inspection by anyone except the person who is the subject of the expunction proceeding. *Id.* Additionally, Article 55.03 prohibits the release or use of expunged records when the order of expunction has become final. *Id.* art. 55.03(1). Thus, the Code of Criminal Procedure contemplates a gathering of records stage which precedes the date the order of expunction becomes final; in the intervening period, the records gathered as part of the expunction proceeding are not to be used or released. In this case, even though the trial court had gathered records that are prohibited from use or release, the trial court then allowed the release of the records at issue. We conclude that after the trial court gathered the records of K.P.'s arrest, it abused its discretion by making them available for inspection before conducting further proceedings and hearing evidence.

The record shows that after the trial court granted The Examiner relief, K.P. again attempted to obtain a ruling by urging his motion, but the trial court told K.P. to "[u]rge it later." Although the trial court stated that it would reset the matter for thirty days, no party has suggested that the trial court has done so. Under the circumstances, we hold that K.P.'s efforts to obtain a ruling on his motion were sufficient to bring his complaint to the trial court's attention, and, in light of the trial court's suggestion that it would conduct further proceedings, K.P.'s efforts were also sufficient to deem the trial court to be aware that K.P. objected to the trial court's failure to rule on his motions. *See* Tex.R.App. P. 33.1(a)(2)(B) (explaining that as a prerequisite to presenting a complaint for appellate review, the record must show that a complaint was made to the trial court by a timely request, objection, or motion and that the trial court refused to rule on the request, objection, or motion, and the complaining party objected to the refusal); *Sherman Acquisition II LP v. Garcia,* 229 S.W.3d 802, 808 (Tex.App.-Waco 2007, no pet.) (finding that error had been preserved where party had advised the trial court of its intention to move for judgment and continued to press the trial court after the trial court had ruled against him). Here, although K.P. asked that the trial court rule on his motion, the trial court explained that there was no need for it to rule on K.P.'s motion because it did not acknowledge The Examiner's motions in deciding to vacate its March 2012 order *sua sponte.*

In conclusion, whether the trial court abused its discretion by vacating its prior order is a matter that K.P. can appeal once the trial court enters a final and appealable order. After the trial court enters a final judgment, and if the judgment grants K.P. less relief than the trial court granted in its March 2012 order, K.P. can argue that the trial court erred in vacating its March 2012 order without legally or factually sufficient evidence supporting its decision to do so. *See* Tex.Code Crim. Proc. Ann. arts. 55.02 § 5(c), 55.03(1). However, to provide K.P. with adequate remedy by appeal, the records at issue must be protected from release pending the trial court's entry of a final order. By staying the release of the records at issue pending the trial court's entry of a final judgment, if the trial court enters a final order less favorable than its order of March 2012, K.P.'s right to prevent the use of the records at issue will be preserved to allow

K.P. to raise the arguments addressing whether the trial court erred in deferring to the Attorney General's letter ruling that some records at issue should be released. *See* Tex.Code Jud. Conduct, Canon 3(B)(2), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. B (West 2005). Nevertheless, while K.P. has a right to preserve his arguments for appeal, he may raise his arguments on appeal only after the trial court has entered a final judgment on the merits of his petition.

We conditionally grant K.P.'s petition for writ of mandamus, in part, and direct the trial court to enter an order to protect K.P.'s records of arrest pending its resolution by entry of a final and appealable order of K.P.'s petition for expunction. We deny K.P.'s mandamus, in part, by denying K.P.'s request which asks that we set aside the trial court's April 2012 order. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.

PETITION CONDITIONALLY GRANTED IN PART; AND DENIED IN PART. APPEAL DISMISSED FOR WANT OF JURISDICTION.