

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00652-CV

**EX PARTE** Ruben **RIOS**

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2017W0521
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed:  October 10, 2018

DISMISSED FOR LACK OF JURISDICTION

In the underlying cause, Ruben Rios filed a petition for expunction, which sought expunction of all criminal records and files relating to an alleged offense on the basis he had been tried for the alleged offense and acquitted. On July 21, 2017, the trial court signed an "Order of Expunction Following Acquittal," which granted Rios relief and ordered the expunction of all criminal records and files related to the arrest and/or alleged offense described in the petition. On August 18, 2017, the Department of Public Safety filed a motion for new trial. On October 3, 2017, the trial court signed an order granting the Department's motion for new trial and setting aside its prior expunction:

> On the 2nd day of October 2017, a hearing was held for the Court to consider the Motion for New Trial filed by the Respondent, Texas Department of Public Safety. Having heard evidence and argument of counsel in this matter, the Court hereby

GRANTS Respondent's Motion for New Trial and accordingly, it is ORDERED that the expunction is set aside.

Rios then filed a notice of appeal stating his intent to appeal from the trial court's order.

In civil cases, "[a]n order granting a new trial is an unappealable, interlocutory order." *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993); *see also Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984). Although the statute allowing expunction of criminal arrests and offenses is codified in the Texas Code of Criminal Procedure, "an expunction proceeding is civil in nature." *Ex parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi 2016, no pet.). Thus, the appellate rules regarding civil appeals apply to expunction cases. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 3(a) ("The person who is the subject of the expunction order or an agency protesting the expunction may appeal the court's decision in the same manner as in other civil cases.").

In *K.P. v. State*, 373 S.W.3d 198, 202 (Tex. App.—Beaumont 2012, no pet.), the court of appeals considered whether it had jurisdiction over an appeal from an order by the trial court that vacated its previous order granting appellant's petition to expunge arrest records. The court of appeals reasoned that although the order by the trial court set aside its previous order granting expunction, the order had not disposed of the appellant's petition for expunction. *Id.* According to the court of appeals, the petition for expunction remained pending in the trial court. *Id.* Similarly, in this case, the trial court's Order Granting Motion for New Trial merely grants the Texas Department of Public Safety's motion for new trial and sets aside its prior expunction order. The trial court's order does not dispose of Rios's petition for expunction, and his petition remains pending in the trial court.

In response to our show cause order,[1] Rios argues that all his claims have been disposed by the trial court and thus the order is a final, appealable order under *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). It appears that Rios's argument stems from the fact that the merits of the case were discussed thoroughly at the motion for new trial hearing. However, the trial court's order in this case clearly grants only a motion for new trial and sets aside its previous order. The order in no way makes a dispositive ruling on Rios's petition for expunction. His petition remains pending in the trial court below.

Rios argues his due process rights would be denied if "the State may win this case simply by filing a motion for new trial, rather than a direct appeal." According to Rios, "[i]nterpreting the appellate rules to create such an absurd result would deny [him] due process." First, the Department has not won this case; it remains pending in the trial court. Second, we do not find Rios's due process argument persuasive.

We conclude that the trial court's order granting a new trial is an unappealable, interlocutory order. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM

---

[1] On August 17, 2018, we ordered Rios to show cause why this appeal should not be dismissed for lack of jurisdiction. On September 5, 2018, Rios filed his written response to the order.