ACCEPTED
15-25-00025-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/5/2025 10:46 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/5/2025 10:46:50 AM
CHRISTOPHER A. PRINE
Clerk

No. 15-25-00025-CV

————————

IN THE

# FIFTEENTH COURT OF APPEALS

————————

In re Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Services, Inc., and Kimco Realty Corporation,

*Relators.*

————————

Original Proceeding from Business Court Division 11A
Harris County, Texas
Trial Court Cause No. 24-BC11A-0013

————————

## REAL-PARTY'S RESPONSE

## TO PETITION FOR WRIT OF MANDAMUS

————————

Sharon McCally
*smccally@andrewsmyers.com*
Andrew B. Bender
*abender@andrewsmyers.com*
Hunter M. Barrow
*hbarrow@andrewsmyers.com*
ANDREWS MYERS, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
713.850.4200

*Counsel for Real-Party-in-Interest*

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of the parties, attorneys, and any other person who has any interest in the outcome of this suit:

| Relators | Counsel |
|---|---|
| Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Services, Inc., Kimco Realty Corporation | Elizabeth G. "Heidi" Bloch heidi.bloch@gtlaw.com GREENBERG TRAURIG, LLP 300 West 6th Street, Suite 2050 Austin, Texas 78701 512.320.7200 |
| | Roland Garcia garciar@gtlaw.com GREENBERG TRAURIG, LLP 1000 Louisiana Street, Suite 6700 Houston, Texas 77002 713.374.3500 |

| Real-Party-in-Interest | Counsel |
|---|---|
| Cypress Towne Center, Ltd., individually and derivatively on behalf of Kimco 290 Houston II, L.P. | Sharon McCally smccally@andrewsmyers.com Andrew B. Bender abender@andrewsmyers.com Hunter M. Barrow hbarrow@andrewsmyers.com ANDREWS MYERS, P.C. 1885 Saint James Place, 15th Floor Houston, Texas 77056 713.850.4200 |

**Respondent**

Hon. Sofia Adrogué
c/o Foster Baird, Staff Attorney
foster.baird@txcourts.gov
Kirina McNamara, Court Manager
kirina.mcnamara@txcourts.gov
Texas Business Court
11th Division
301 Fannin St.
Houston, Texas 77002
713.274.1067

# TABLE OF CONTENTS

*Page*

IDENTITY OF PARTIES AND COUNSEL ...................................... ii

INDEX OF AUTHORITIES ................................................ vi

ISSUES PRESENTED ................................................... xi

STATEMENT OF FACTS .................................................. 1

    A.  Cypress files the underlying suit for breach of contract and breach of fiduciary duty in 2022 ..................................... 2

    B.  The Texas Legislature creates the business court and limits its application to "actions commenced on or after September 1, 2024." ............................................. 3

    C.  Kimco seeks removal, Cypress seeks remand ....................... 3

    D.  The business court grants remand ................................ 5

SUMMARY OF ARGUMENT .............................................. 5

STANDARD OF REVIEW ................................................ 7

ARGUMENT .......................................................... 7

    I.  Kimco fails to show that the business court abused its discretion in remanding the case ............................... 7

        A. The business court properly concluded, and Kimco does not challenge, that Chapter 25A applies only to actions "commenced" after September 1, 2024 .................. 8

iv

B. The business court properly concluded that this action did not commence again when parties were added after September 1, 2024 .............................................. 9

  1. The business court's opinion aligns with the Act's plain language, this Court's *ETC* decision, and other business court opinions ......................................... 9

  2. The business court's decision properly rejects Kimco's "trigger" precedent that is inapposite to the Act's plain language, this Court's *ETC* decision, and other business court opinions ................ 13

    a. *The business court's rejection of Kimco's statutorily askew "case precedent" is not an abuse of discretion* ................................................. 14

    b. *The business court's rejection of federal removal "persuasive authority" is not an abuse of discretion* ............................................................. 17

    c. *The business court's rejection of "legislative" anecdote is not an abuse of discretion* ...................... 18

II. Kimco fails to show it lacks an adequate remedy at law ...... 22

PRAYER ........................................................................................ 28

RULE 52.3(J) CERTIFICATION ................................................. 29

CERTIFICATES OF SERVICE AND COMPLIANCE ................... 29

v

# INDEX OF AUTHORITIES

*Page(s)*

**CASES:**

*Acker v. Texas Water Comm'n,*
790 S.W.2d 299 (Tex. 1990).................................................................. 16

*Bestway Oilfield Inc. v. Cox,*
2025 WL 251338, 2025 Tex. Bus. 2
(Tex. Bus. Ct., 11th Div. 2025)................................................................ 8

*Bexar Appraisal Dist. v. Johnson,*
691 S.W.3d 844 (Tex. 2024).................................................................. 19

*Braud v. Transport Serv. Co.,*
445 F.3d 801 (5th Cir. 2006) ................................................................. 17

*Brown v. City of Houston,*
660 S.W.3d 749 (Tex. 2023).................................................................. 11

*Cincinnati Life Ins. Co. v. Cates,*
927 S.W.2d 623 (Tex. 1996).................................................................. 26

*Cypress Towne Ctr., Ltd. v. Kimco Realty Servs., Inc.,*
708 S.W.3d 265, 2025 Tex. Bus. 8
(Tex. Bus. Ct., 11th Div. 2025)...................................................... *passim*

*Energy Transfer LP v. Culberson Midstream LLC,*
705 S.W.3d 217, 2024 Tex. Bus. 1
(Tex. Bus. Ct., 1st Div. 2024) ................................................................. 8

*Fire Protection Service, Inc. v. Survitec Survival Products, Inc.,*
649 S.W.3d 197 (Tex. 2022)................................................................... 21

*In re CSX Corp.*,
    124 S.W.3d 149 (Tex. 2003) (orig. proceeding) .......................... 7

*In re Essex Ins. Co.*,
    450 S.W.3d 524 (Tex. 2014) (orig. proceeding) ................. 24, 27

*In re ETC Field Servs. LLC*,
    707 S.W.3d 924 (Tex. App.—Austin [15th Dist.]
    2025, orig. proceeding) ................................................... *passim*

*In re Int'l Bank of Commerce*,
    No. 13-07-00693-CV, 2008 WL 192260 (Tex. App.—Corpus
    Christi–Edinburg Jan. 18, 2008, orig. proceeding) ................ 26

*In re J.W.B. Trust of 2007*,
    2025 WL 1145780, 2025 Tex. Bus. 14
    (Tex. Bus. Ct., 3d Div. 2025) ................................................ 12

*In re Kansas City S. Indus., Inc.*,
    139 S.W.3d 669 (Tex. 2004) (orig. proceeding) ...................... 22

*In re Rogers*,
    690 S.W.3d 296 (Tex. 2024) (orig. proceeding) ........................ 7

*In re Sw. Bell Tel. Co.*,
    35 S.W.3d 602 (Tex. 2000) (orig. proceeding) ........................ 24

*In re TCW Global Project Fund II, Ltd.*,
    274 S.W.3d 166 (Tex. App.—Houston [14th Dist.] 2008,
    orig. proceeding) ................................................................ 26

*University of Texas Health Science Center at San Antonio v. Bailey*,
    332 S.W.3d 395 (Tex. 2011) ................................................ 16

*Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*,
295 S.W.3d 650 (Tex. 2009).......................................................19

*Jorrie v. Charles*,
705 S.W.3d 787, 2024 Tex. Bus. 4
(Tex. Bus. Ct., 4th Div. 2024).......................................................8

*Martinez v. Gonzales*,
No. 13-14-00241-CV, 2015 WL 5626242
(Tex. App.—Corpus Christi-Edinburg,
Sept. 17, 2015, no pet.) ................................................. 14, 15, 16

*Morris v. Ponce*,
584 S.W.3d 922 (Tex. App.—Houston
[14th Dist.] 2019, no pet.)............................................. 14, 15, 16

*Perry v. Del Rio*,
66 S.W.3d 239 (Tex. 2001).......................................................22

*Point Energy Partners Permian, LLC v. MRC Permian Co.*,
669 S.W.3d 796 (Tex. 2023).......................................................26

*Polaris Inv. Mgmt. Corp. v. Abascal*,
892 S.W.2d 860 (Tex. 1995).......................................................33

*Robinson v. Crown Cork & Seal Co.*,
335 S.W.3d 126 (Tex. 2010).......................................................

*S & P Consulting Eng'rs, PLLC v. Baker*,
334 S.W.3d 390 (Tex. App.—Austin 2011, no pet.) .... 11, 15, 16

*Sebastian v. Durant*,
707 S.W.3d 124, 2025 Tex. Bus. 4
(Tex. Bus. Ct., 11th Div. 2025)........................................ 12, 15

*Serafine v. Crump,*
    691 S.W.3d 917 (Tex. 2024) (per curiam) .............................. 11

*Sullivan v. Abraham,*
    488 S.W.3d 294 (Tex. 2016) ................................................... 19

*Tex. Comm'n on Envtl. Quality v. Maverick Cnty.,*
    642 S.W.3d 537 (Tex. 2022) ................................................... 26

*Winans v. Berry,*
    705 S.W.3d 236, 2024 Tex. Bus. 5
    (Tex. Bus. Ct., 4th Div. 2024) .................................................. 8

*Yadav v. Agrawal,*
    708 S.W.3d 246, 2025 Tex. Bus. 7
    (Tex. Bus. Ct., 3d Div. 2025) ...................................... 11, 12, 15

**CONSTITUTION:**

Tex. Const. art. III, § 39 ................................................................ 21

**STATUTES:**

28 U.S.C. § 1446(b) ....................................................................... 17

Act of May 25, 2023, 88th Leg., R.S., ch. 380 ........................ 2, 8, 21

Tex. Civ. Prac. & Rem. Code § 11.001 .......................................... 11

Tex. Civ. Prac. & Rem. Code § 74.351 ..................................... 14, 15

Tex. Fam. Code § 152.201(a)(1) ...................................................... 11

Tex. Gov't Code § 25A.004(c) ........................................................... 4

Tex. Gov't Code § 25A.004(e) ........................................................... 4

Tex. Gov't Code § 25A.004(f) ............................................................ 4

Tex. Gov't Code § 25A.006(d) ......................................... 3, 17, 18, 25

**RULES:**

Tex. R. App. P. 9.4 ............................................................................ 29

Tex. R. Civ. P. 22 ............................................................................. 10

Tex. R. Civ. P. 37 ............................................................................. 11

Tex. R. Civ. P. 38 ............................................................................. 11

Tex. R. Civ. P. 62 ............................................................................. 11

Tex. R. Civ. P. 63 ............................................................................. 11

Tex. R. Civ. P. 360 ........................................................................... 26

Tex. R. Civ. P. 592 ........................................................................... 11

Tex. R. Jud. Admin. 13.8(a) ............................................................. 20

# ISSUES PRESENTED

I.   Chapter 25A and its removal provisions apply only to civil actions commenced on or after September 1, 2024. Relators removed an action that commenced before that date because some parties were added after that date. Did the business court clearly abuse its discretion in deciding that adding parties to an existing lawsuit does not re-commence the entire action for purposes of Chapter 25A?

II.  Mandamus is an extraordinary remedy available only when a relator proves it lacks an adequate remedy at law. This dispute has proceeded in district court for over two years with extensive motion practice and discovery. Kimco's petition fails to articulate why continued litigation in the district court constitutes the "permanent loss of substantial rights" necessary to justify mandamus review. Has Kimco met its heavy burden to prove entitlement to extraordinary relief?

# STATEMENT OF FACTS

In 2005, Cypress entered into a partnership with Relators KDI and KD Houston to develop and operate a shopping center in Harris County, Texas.[1] The Partnership Agreement grants KD Houston extensive management authority subject to specific restrictions, including that any additional capital would be provided through loans at a specific rate.[2] For 15 years, KD Houston consistently treated its capital contributions as loans under this rate structure.[3]

In 2021, without notice to Cypress, KD Houston retroactively recharacterized its prior loans as equity investments earning a 10% preferred return.[4] This unilateral change increased KD Houston's priority return by 230 percent—from $2.1 million to nearly $7 million—effectively eliminating Cypress's partnership value while increasing KD Houston's invested capital by over $2 million.[5]

---

[1]    MR.441.

[2]    MR.444.

[3]    MR.444.

[4]    MR.445.

[5]    MR.445–46.

## A. Cypress files the underlying suit for breach of contract and breach of fiduciary duty in 2022.

In June 2022, Cypress sued KDI and KD Houston in Harris County district court.[6] Cypress brought two claims: (1) an individual breach-of-contract claim on the Partnership Agreement, and (2) a derivative action for breach of fiduciary duties owed to Kimco 290 Houston II, L.P. ("Kimco Houston"). [7] KDI and KD Houston responded with a counterclaim seeking a declaration that "they are acting within the terms of the Partnership Agreement."[8] Over the next two years, the parties conducted considerable discovery, including document production, depositions, and third-party discovery, while the trial court oversaw substantial motion practice, including motions to compel, motions to exclude, and multiple dispositive motions.[9]

---

[6]    MR.021; MR.030–31.

[7]    MR.031 at ¶¶ 39–42. The breach-of-contract claim is not a derivative action. *See* MR.30 at ¶¶ 35–38. Kimco Houston is not a party to the contract forming the basis of Cypress's breach-of-contract claim. MR.30 at ¶¶ 35–38.

[8]    MR.050–52.

[9]    *See* MR.125 (order denying Kimco's motion to dismiss); MR.139 (order denying Kimco's motion to exclude damages); MR.259 (order denying Kimco's traditional and no-evidence motions for summary judgment); MR.260 (order denying Kimco's motion to exclude experts); MR.261–63 (order granting Cypress's motion to compel); MR.265–66 (order granting non-party's motion for protection); MR.431 (order granting Cypress's motion to compel); MR.432 (order denying Kimco's special exceptions).

## B. The Texas Legislature creates the business court and limits its application to "actions commenced on or after September 1, 2024."

Meanwhile, the Texas Legislature created a new statewide business court system to help resolve complex business disputes.[10] The Act contemplates both actions filed directly in the business court and actions removed from a local trial court to the business court.[11] It further provides that the "changes in law made by this Act apply to civil actions commenced on or after September 1, 2024,"[12] the same date the business court was "created."[13]

## C. Kimco seeks removal, Cypress seeks remand.

On September 20, 2024, Cypress filed its third amended petition naming Relators KRS and KRC as defendants.[14] It alleges that KRS and KRC are subject to direct liability for conspiring with KDI and KD Houston to breach their fiduciary duties or alternatively liable for such breaches as alter egos of KDI and KD Houston.[15]

---

[10] *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§ 5, 9 ("H.B. 19" or the "Act") (codified at Tex. Gov't Code §§ 25A.001-.020) ("Chapter 25A").

[11] Tex. Gov't Code § 25A.006(d), (f).

[12] Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8.

[13] *Id.* § 5.

[14] MR.437–57. The case was set for its third trial setting in March 2025. MR.433.

[15] MR.459–50.

All four Relators removed the "entire action" to the business court.[16] According to Relators, the business court has jurisdiction "over all Defendants together"[17] because: (1) Relators "timely filed a notice of removal," (2) KRC is a publicly traded company,[18] and (3) the parties seek competing declaratory judgments interpreting the Partnership Agreement.[19]

Cypress moved to remand.[20] Cypress argued that removal to the business court was improper because (1) Chapter 25A and its removal provisions do not apply to this 2022 action,[21] and (2) even if they did, Kimco failed to obtain agreement of all parties and the court as required to support supplemental jurisdiction over Cypress's breach-of-contract claim.[22]

---

[16] MR.009–13.

[17] MR.012.

[18] MR.010 (citing Tex. Gov't Code § 25A.004(c)).

[19] MR.010 (citing Tex. Gov't Code § 25A.004(e)). Kimco "assumed Plaintiff does not agree" to the removal and, thus, Kimco made no effort to obtain any agreement from Cypress or any court. MR.009.

[20] MR.834–49.

[21] MR.837–42.

[22] MR.842–48 (citing Tex. Gov't Code § 25A.004(f)).

### D. The business court grants remand.

The business court issued a written opinion and order granting the motion to remand.[23] The court held that Chapter 25A did not apply and, thus, it lacked subject-matter jurisdiction, because the action commenced before September 1, 2024,[24] and the addition of a publicly traded company as a defendant after that date did not affect the analysis.[25]

## SUMMARY OF ARGUMENT

The business court correctly decided that an action *commences* when originally filed—not years later when an amended pleading adds a new party. The court's decision rests on a straightforward application of statutory text and precedent, including this Court's analysis in *ETC* and every other business court division that has

---

[23]     *Cypress Towne Ctr., Ltd. v. Kimco Realty Servs., Inc.*, 708 S.W.3d 265, 2025 Tex. Bus. 8 (Tex. Bus. Ct., 11th Div. 2025).

[24]     *Id.* at 269–72, 2025 Tex. Bus. 8 at ¶¶ 8–15. Pending before this Court is a permissive appeal involving Section 8's limitation on business court subject-matter jurisdiction. *Lone Star NGL Product Servs. LLC v. EagleClaw Midstream Ventures LLC*, No. 15-25-00003-CV (considering whether limitation on Chapter 25A application may be waived by agreement). The academic question is important for Chapter 25A jurisprudence generally, but it is immaterial here. Kimco does not contest that Section 8 implicates subject-matter jurisdiction, and the business court's conclusion—that Chapter 25A "*does not apply*"—equally supports the decision to remand. *Cypress*, 708 S.W.3d at 268 n.10, 2025 Tex. Bus. 8 at ¶ 3 n.10.

[25]     *Id.* at 272–76, 2025 Tex. Bus. 8 at ¶¶ 16–28.

considered the issue. Instead of confronting the statute's plain text, Kimco relies on inapplicable case law, federal analogies, and legislative anecdotes that cannot override the legislature's intent as expressed in the words written. And because Kimco's removal so plainly required a Section 8 remand, the business court did not need to reach the alternative removal-procedure defect. No abuse of discretion occurred here.

Even if Kimco could show an abuse of discretion, and it cannot, its petition fails for an independent reason: Kimco makes no attempt to show that it lacks an adequate remedy at law. Rather than showing why this case justifies the rare extension of mandamus review contemplated by this Court's opinion in *ETC*, Kimco simply assumes that all business court remand orders merit extraordinary review—a position at odds with this Court's precedent and the high standards required for mandamus relief. And Kimco seeks such extraordinary relief without mentioning the alternate basis for remand in this case, threatening to "bounce" the matter "between levels of the court system," as this Court expressly wished to avoid. The petition should be denied.

## STANDARD OF REVIEW

Kimco seeks mandamus relief from the business court's remand order. Mandamus is an extraordinary remedy that can issue only if Kimco proves that the trial court clearly abused its discretion and that no adequate remedy at law exists.[26] The burden is a "heavy one," and Kimco has failed to meet it.[27]

## ARGUMENT

### I. Kimco fails to show that the business court abused its discretion in remanding the case.

Cypress will show that the business court did not abuse its discretion in two parts. First, Cypress will first show that the business court did not abuse its discretion in concluding that Chapter 25A does not apply to actions commenced before September 1, 2024. Second, Cypress will show that the business court did not abuse its discretion in further concluding that an "action" does not *re*-commence upon the amendment of a pleading or the addition of a party. The remand order is legally sound and should not be disturbed.

---

[26]   *See In re Rogers*, 690 S.W.3d 296, 302 (Tex. 2024) (orig. proceeding).

[27]   *See In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

**A. The business court properly concluded, and Kimco does not challenge, that Chapter 25A applies only to actions "commenced" after September 1, 2024.**

The business court began with the Act's text, which limits Chapter 25A to "civil actions commenced on or after September 1, 2024."[28] Then it considered the unanimity and reasoning of opinions from this Court and other business court divisions that have interpreted this provision to mean that Chapter 25A does not apply to any action that began before September 1, 2024.[29] Finally, the court applied the law to the facts to conclude that Chapter 25A and its removal provisions do not apply to this case that commenced when Cypress filed its original petition on June 16, 2022.[30] The court did not abuse its discretion in concluding that Chapter 25A does not apply.[31]

---

[28]   Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8.

[29]   *Cypress*, 708 S.W.3d at 270–71, 2025 Tex. Bus. 8 at ¶¶ 10–14 (citing *In re ETC Field Servs. LLC*, 707 S.W.3d 924, 930 (Tex. App.—Austin [15th Dist.] 2025, orig. proceeding), *Jorrie v. Charles*, 705 S.W.3d 787, 2024 Tex. Bus. 4 (Tex. Bus. Ct., 4th Div. 2024), *Winans v. Berry*, 705 S.W.3d 236, 2024 Tex. Bus. 5 (Tex. Bus. Ct., 4th Div. 2024), *Bestway Oilfield Inc. v. Cox*, 2025 WL 251338, 2025 Tex. Bus. 2 (Tex. Bus. Ct., 11th Div. 2025), and *Energy Transfer LP v. Culberson Midstream LLC*, 705 S.W.3d 217, 2024 Tex. Bus. 1 (Tex. Bus. Ct., 1st Div. 2024)).

[30]   *Cypress*, 708 S.W.3d at 271–72, 2025 Tex. Bus. 8 at ¶ 15.

[31]   *See In re ETC*, 707 S.W.3d at 928 (holding no abuse of discretion in granting remand because "removal to the business court does not apply to cases commenced elsewhere before September 1, 2024").

**B. The business court properly concluded that this action did not commence again when parties were added after September 1, 2024.**

Kimco does not quibble with the holding that remand is proper for cases "commenced" before September 1, 2024, or the fact that the "civil action" commenced in 2022. Instead, as it did below, Kimco tries to circumvent the clear temporal limitation of Section 8 by arguing that the Act applies because a new action "commenced" when Cypress filed an amended petition adding new parties after September 1, 2024. The court carefully considered each of Kimco's arguments and found that none could be squared with the Act's plain language or a single decision interpreting it.

**1. The business court's opinion aligns with the Act's plain language, this Court's *ETC* decision, and other business court opinions.**

Kimco invoked Chapter 25A to remove the entire lawsuit filed in 2022. Even though Kimco does not challenge the business court's holding that Chapter 25A applies only to "civil actions commenced on or after September 1, 2024," Kimco insists this case is different because it involves the addition of a defendant after that date.[32] In Kimco's view, Cypress "commenced a new civil action" when it filed

---

[32]   Pet. at 1.

an amended petition adding new parties after September 1, 2024.[33] But Kimco's attempted distinction is statutorily insignificant under this Court's analysis of the term *commence*.

In *ETC,* this Court arrived at the Chapter 25A meaning of *commence* first by reference to Texas Rule of Civil Procedure 22 and its use of the term in the context of "starting a new lawsuit '[by] a petition filed in the office of the clerk.'"[34] This Court observed that the legislature chose not to use the term *filed*, a broader word that connotes "*all* pleadings and motions."[35] Indeed, the legislature used *commenced* only once in Chapter 25A and used *filed* repeatedly elsewhere in Chapter 25A. Then this Court examined the overall structure of Chapter 25A "initial filing" and "removal" to glean a statutory directive that an action *commences* for Chapter 25A purposes by a Rule 22 petition, not a removal petition.[36]

The reasoning in *ETC* forecloses Kimco's argument that an action *commences* upon the amendment of a pleading or the addition of a party. The treatment of pleading amendments in the Texas

---

[33] Pet. at 16.

[34] 707 S.W.3d at 926 (citing Tex. R. Civ. P. 22).

[35] *Id.* at 926–27.

[36] *Id.* at 927.

Rules of Civil Procedure aligns with the term *filed*, not *commenced*.[37] The same is true for a new party.[38] And the legislature's use of the term *commence* elsewhere confirms that it means the initiation of suit, not some act in continuation of suit.[39] The reasoning from *ETC* makes clear that the amended petition did not commence a new lawsuit but added parties to a lawsuit that had already commenced.[40] Kimco did not offer an alternative construction of the Act's plain text, and the business court found none, to suggest the

---

[37] *See* Tex. R. Civ. P. 62 (acknowledging *amendment* "add[s] something to" existing case); Tex. R. Civ. P. 63 (allowing parties to amend their pleadings by "filing such pleas with the clerk").

[38] *See* Tex. R. Civ. P. 37 (recognizing that additional parties may be "brought in"); Tex. R. Civ. P. 38 (authorizing defendant to name a third party "[a]t any time after commencement of the action"); *see also* Tex. R. Civ. P. 592 ("Either at the commencement of a suit or at any time during its progress the plaintiff may file an application for the issuance of a writ of attachment.").

[39] *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 11.001 (distinguishing between commencing an action and maintaining an action); *Serafine v. Crump*, 691 S.W.3d 917, 922 (Tex. 2024) (per curiam) (concluding that a litigant does not "commence" a new civil action by continuing the same action in different court); *see also* Tex. Fam. Code § 152.201(a)(1) (defining *commencement*, for purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, to mean "the filing of the first pleading in a proceeding").

[40] *See S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 395–98 (Tex. App.—Austin 2011, no pet.) (en banc) (holding that an action "does not recommence with the filing of an amended petition *even if that petition names a new defendant for the first time*") (emphasis added); *Yadav v. Agrawal*, 708 S.W.3d 246, 261, 2025 Tex. Bus. 7 at ¶¶ 57–59 (Tex. Bus. Ct., 3d Div. 2025) (holding that a subsequent petition adding a new party becomes part of an action that already commenced); *see also Brown v. City of Houston*, 660 S.W.3d 749, 757 (Tex. 2023) (explaining that "'commencement' literally focus[es] on a *single* moment in time") (emphasis in original).

11

addition of a defendant after September 1, 2024, could somehow manufacture jurisdiction where none existed.[41]

Kimco's argument also conflicts with every single business court opinion that has faced the issue, though Kimco neither mentions the opinions nor tries to distinguish them. For example, three separate business court opinions have held that Chapter 25A does not apply to or provide jurisdiction over a case that began before September 1, 2024—even though new parties were added after that date.[42] One of these opinions rejected the same superficial distinction Kimco draws to avoid the conclusion compelled by *ETC*.[43]

---

[41] *Cypress*, 708 S.W.3d at 272–73, 2025 Tex. Bus. 8 at ¶ 17. Kimco betrays even its proffered construction of *commence* by arguing that adding a party *commenced* the entire action, including all pending parties and all pending claims. MR.891:12–19, 892:23–24. Thus, in its attempt to have its post-effective-date cake and invite all defendants to eat it too, Kimco shows that its exception swallows the rule by permitting removal of actions commenced before September 1, 2024—exactly as this Court forecasted in *ETC*. 707 S.W.3d at 928 (refusing to "construe this effective date to effectively eliminate any effective date").

[42] *Sebastian v. Durant*, 707 S.W.3d 124, 128–29, 2025 Tex. Bus. 4 at ¶¶ 24–25 (Tex. Bus. Ct., 11th Div. 2025); *Yadav*, 708 S.W.3d at 262–65, 2025 Tex. Bus. 7 at ¶¶ 68–77; *In re J.W.B. Trust of 2007*, 2025 WL 1145780, at *2–3, 2025 Tex. Bus. 14 at ¶¶ 8–13 (Tex. Bus. Ct., 3d Div. 2025).

[43] *In re J.W.B.*, 2025 WL 1145780, at *2, 2025 Tex. Bus. 14 at ¶ 10 (rejecting argument that "*ETC Field Services* is inapplicable because it did not directly address whether a party may remove an action that added a new defendant and claims after September 1, 2024").

The truth is that Kimco's commenced-by-amendment exception suffers the same "fundamental problem" as ETC's commenced-by-removal exception: "if the Act were to apply to civil actions commenced *both before and after* the effective date, the effective date itself would be meaningless; the Act would apply to all cases everywhere all at once."[44] The reasoning from *ETC* controls here and should, standing alone, dispose of Kimco's petition.

**2. The business court's decision properly rejects Kimco's "trigger" precedent that is inapposite to the Act's plain language, this Court's *ETC* decision, and other business court opinions.**

Sometimes the simple answer is the right answer. The business court's decision to follow the uniform analysis of Chapter 25A from this Court in *ETC*, as well as every other business court decision, was both simple and right. Here, Kimco fails to attack the simple answer on its substance and instead resorts to tortured analogies outside of Chapter 25A. But the business court also distinguished the alleged "persuasive authority," "case precedent," and "legislative history," as impermissibly inconsistent with the plain language of the Act.

---

[44] *In re ETC*, 707 S.W.3d at 928.

13

### a. The business court's rejection of Kimco's statutorily askew "case precedent" is not an abuse of discretion.

Kimco first relies on *Morris v. Ponce*,[45] and *Martinez v. Gonzales*,[46] two decisions confronting the legislature's use of the word *commence* "for purposes of section 74.351(a)" concerning a claimant's deadline to serve a healthcare liability act expert report.[47] Kimco urges this authority is "in line" with *ETC*'s interpretation of *commence*, but Kimco could not be more mistaken.[48] Where *ETC* relies on Rule 22 to interpret *commence*, *Martinez* and *Morris* distinguish it, based upon context and the rule's purpose.

In *Morris*, the Fourteenth Court of Appeals analyzed whether, in the context of a Chapter 74 Healthcare Liability Act claim, an action commences for all defendants with the filing of the original petition or for each defendant when it is named as a defendant.[49] The court held that the action commences for each defendant, in

---

[45] 584 S.W.3d 922, 927 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

[46] No. 13-14-00241-CV, 2015 WL 5626242, at *3–4 (Tex. App.—Corpus Christi-Edinburg, Sept. 17, 2015, no pet.).

[47] *Morris*, 584 S.W.3d at 925; *Martinez*, 2015 WL 5626242, at *4.

[48] Pet. at 15–18.

[49] *Morris*, 584 S.W.3d at 925.

light of the statute expressly requiring plaintiffs to serve an expert report within 120 days of "each defendant's answer."[50]

Both *Morris* and *Martinez,* upon which *Morris* principally relies, turned on "when an action commenced as to a particular party for purposes of triggering *that party's* rights or obligations" under the statute's threshold merit provision. [51] While section 74.351(a) provides a party-specific right to receive an individualized expert report on threshold culpability, Section 8 provides no individualized right to have statutory provisions applicable on a certain date.[52] Given the disparate statutory context, importing the *Morris* and *Martinez* reasoning here is not in line with *ETC*. This is particularly true given that both courts eschewed the very rules-based analysis that this Court performed in *ETC*.[53]

---

[50]   *Id*. at 925 n.3; Tex. Civ. Prac. & Rem. Code § 74.351 (requiring claimant to serve expert report "not later than the 120th day after the date *each defendant's original answer is filed*") (emphasis added); *see also Martinez*, 2015 WL 5626242, at *3–4 (same).

[51]   *Yadav*, 708 S.W.3d at 264, 2025 Tex. Bus. 7 at ¶ 75.

[52]   *Cypress*, 708 S.W.3d at 273–74, 2025 Tex. Bus. 8 at ¶¶ 19–23; *Yadav*, 708 S.W.3d at 263–64, 2025 Tex. Bus. 7 at ¶¶ 72–75; *Sebastian*, 707 S.W.3d at 128–29, 2025 Tex. Bus. 4 at ¶¶ 24–25.

[53]   By contrast, in *S & P Consulting*, the en banc Austin Court of Appeals concluded that "for purposes of the effective date of the 2009 version of [Texas Civil Practice and Remedies Code] section 150.002, an action commences when the original petition is filed." 334 S.W.3d at 397. And the court reached the decision, as did this Court in *ETC*, by reference to Texas Rules of Civil

The business court's party-specific distinction was both analytically and logically important. *Morris* and *Martinez*, along with other cases considering party-specific rights—such as limitations—turn on tolling and relation-back principles that are simply inapplicable to the applicable date of a statute.[54] Further, as the decision highlights, use of party-specific rights to analyze the statute is illogical where not even Kimco purports to invoke a party-specific right. Instead, "[Relators] have made clear, it is not solely the action against KRC [ ] which [Relators] removed to the Business Court, but the entire action."[55] The court's decision to follow *ETC*, rather than *Morris* and *Martinez*, is not an abuse of discretion.

Procedure for "guidance and context" in interpreting the word *commence* inasmuch as the legislature is presumed to have acted in reference to existing law. *Id.* at 396 (citing *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990)). And, in the context of the addition of a party, the *S & P* Court not only consulted Rule 22, but also Rules 37 and 38, finding that these rules combine to confirm that "the original petition commences the action with respect to all parties regardless of when they are brought into the action." *Id.*

[54]   *See, e.g.*, *University of Texas Health Science Center at San Antonio v. Bailey*, 332 S.W.3d 395, 400–01 (Tex. 2011).

[55]   *Cypress*, 708 S.W.3d at 274, 2025 Tex. Bus. 8 at ¶ 23. Kimco has consistently contended that removal of the "entire action" was proper. *See* MR.642, 646–49, 932.

16

### b. The business court's rejection of federal removal "persuasive authority" is not an abuse of discretion.

Kimco next turns to federal removal and remand jurisprudence to support its position. Kimco suggests, without setting forth any statutory text, that such federal statutes are "comparable" and "would permit removal."[56] The business court properly rejected the federal analogy as an effort to "bypass Section 8."[57]

The analogy also misses the mark because Kimco failed to account for the Chapter 25A removal-procedure corollary. Both statutes provide a removal window, but Kimco conflates the timeliness of removal and the effective date of the statute. In other words, federal removal statutes are not comparable *to Section 8* and do not inform its construction. Kimco's citation to *Braud v. Transport Service Company*,[58] highlights the point. *Braud* held that the federal statute calculates the removal deadline *for each defendant* from the time that defendant receives the initial pleading.[59] Section 25A.006(f)(1) calculates the time to remove from

---

56   Pet. at 24.

57   *Cypress*, 708 S.W.3d at 276, 2025 Tex. Bus. 8 at ¶ 27.

58   445 F.3d 801 (5th Cir. 2006).

59   *Id.* at 805 (citing 28 U.S.C. § 1446(b)).

17

discovery of facts establishing business court jurisdiction.[60] Both pertain to the timeliness of removal; neither pertains to the application date of the statute.

The business court's decision to reject federal removal jurisprudence as unhelpful on the meaning of *commence* within Section 8 is in lockstep with every other business court division to consider the question. Kimco articulates no basis to conclude the decision is an abuse of discretion. And the reason is simple: it's not.

### c. The business court's rejection of "legislative" anecdote is not an abuse of discretion.

Kimco devotes most of its petition to legislative materials that it claims support its desired result. The business court handily disposed of these materials in a single paragraph based on rote law: "Texas courts 'do not consider legislative history or other extrinsic aides to interpret an unambiguous statute because the statute's plain language most reliably reveals the legislature's intent.'"[61] Despite all its briefing on legislative history, Kimco never suggests that the business court's stated conclusion of law is inaccurate or an

---

60    Tex. Gov't Code § 25A.006(f)(1).

61    *Cypress*, 708 S.W.3d at 275–76, 2025 Tex. Bus. 8 at ¶ 26.

abuse of discretion. Kimco's persistent reliance on these sources does not justify departing from the statute's plain text and ample precedent interpreting it. [62] Indeed, Kimco's reliance on these atextual materials underscores the weakness of its position. But even if these materials were considered, they do not support Kimco's position.

Specifically, Kimco relies on statements made in the Governor's Budget and the Bill Analysis to support its position that the business court has jurisdiction here. These materials, Kimco says, show that the "Legislature and Governor" created the business court "to reduce district court backlogs and encourage timely and consistent written rulings by the best-qualified judges to hear business disputes."[63]

But not even the truth of these statements justifies a departure from the statutory starting point.[64] And while the business court may conserve resources in many cases, it will not in *this* case. The

---

[62] *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016); *see also Bexar Appraisal Dist. v. Johnson*, 691 S.W.3d 844, 857 (Tex. 2024) ("[W]e do not ignore a statute's text to impose our own judicial meaning to reach a certain result, even if [] we[] think the statute unwise. Instead, we must refrain from rewriting text that lawmakers chose." (internal citations and quotation marks omitted)).

[63] Pet. at 19.

[64] *See Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 666 (Tex. 2009) (Brister, J., dissenting).

parties have engaged in over two years of litigation in the district court, including extensive written discovery, multiple discovery disputes, and repeated rounds of dispositive motion practice. The district court has ruled on written and oral discovery motions and privileges, pleading challenges, and multiple dispositive motions. Any "delay" in bringing the 2022 case to trial traces not to backlog but to requests for continuance.

Starting from scratch in a new court could only waste judicial resources, not conserve them. Kimco's reliance on a "right" to written opinions forebodes motions for reconsideration.[65] And, likely because the legislature did not intend for the business court to revisit years of prior court rulings, Chapter 25A includes no statutory mirror to multidistrict litigation practice that fixes decisions absent "compelling justification." [66] Decisional retread delays resolution of cases.

Finally, Kimco ignores that accepting its argument would permit parties to manufacture jurisdiction through strategic amendments, even in cases pending for years. Litigants, armed with a peek at the trial court's pre-2024 view of the merits, will simply

---

[65]   Pet. at 19.

[66]   *See* Tex. R. Jud. Admin. 13.8(a).

amend and remove.[67] Persistent uncertainty about the proper or ultimate forum undermines the legislature's goal of an orderly transition to a new court system intended to streamline business disputes in Texas. The business court's decision to favor plain text that serves statutory purpose over legislative anecdote twisted to fit a single litigant's purpose is not an abuse of discretion.[68]

---

[67] Kimco posits, without limiting principle, that applying *commence* to amended petitions filed by a plaintiff is different than applying the term to amended pleadings filed by all parties. Pet. at 18 n.7. Of course, the rules do not make amendment party specific, and Chapter 25A permits any party to remove (if the statute applies). Trying to capitalize on this Court's *ETC* hypothetical, Kimco says it can see no legal difference between a nonsuit and refiling, on the one hand, and an amended petition, on the other. Pet. at 18. n.7. Kimco fails to account for a multitude of doctrines that recognize the distinction, such as finality and appellate timetables as well as tolling and limitations, all with far-reaching consequence. Kimco's desperation to achieve an isolated victory while disregarding the disruptive statutory and policy effects blinds it to the obvious.

[68] The business court was correct to steer clear of Kimco's suggested prospective bootstrap, given the legislative steps to avoid retroactivity. The legislature made Chapter 25A effective September 1, 2023, but created "the business court" and made the law applicable to cases filed after September 1, 2024. Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§ 5, 8–9. As such, the legislature created a one-year grace period during the creation of the courts through "appropriation of money." *Id.* § 7. The Texas Supreme Court recognizes that legislative grace periods constitutionally temper or repair disruption to citizens' settled expectations. *See Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 136 (Tex. 2010); *see also Fire Protection Service, Inc. v. Survitec Survival Products, Inc.*, 649 S.W.3d 197, 202 (Tex. 2022); Tex. Const. art. III, § 39 (statutory mandatory minimum grace period).

The business court meticulously and methodically considered and rejected every argument Kimco raises here in truncated form. Kimco restates prior arguments but shows no abuse of discretion in the business court's rejection of them. This Court should deny Kimco's petition because Kimco fails to show that the business court abused its discretion.

## II. Kimco fails to show it lacks an adequate remedy at law.

Few are the instances in which a relator need not establish an inadequate remedy at law to be entitled to mandamus relief, even where an abuse of discretion is shown.[69] Apart from those limited exceptions, a relator must prove that it lacks an adequate remedy at law.[70] A remedy is inadequate when it comes too late to correct the error without the "permanent loss of substantial rights."[71]

Kimco does not argue that it will suffer the permanent loss of a substantial right absent mandamus relief. Indeed, Kimco does not undertake to show any individualized entitlement to mandamus due

---

[69] *See, e.g.*, *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (recognizing relator need not prove inadequate remedy when order is void or court acts without jurisdiction).

[70] *In re Kansas City S. Indus., Inc.*, 139 S.W.3d 669, 670 (Tex. 2004) (orig. proceeding).

[71] *Id.*; *Perry v. Del Rio*, 66 S.W.3d 239, 257 (Tex. 2001); *Polaris Inv. Mgmt. Corp. v. Abascal*, 892 S.W.2d 860, 862 (Tex. 1995).

to the lack of an adequate remedy at law. Instead, Kimco converts this Court's *ETC* decision into a tacit call for unlimited Chapter 25A removal and remand mandamus review. In doing so, Kimco overstates this Court's invitation to mandamus and understates its obligation to establish entitlement to relief.

While it is true that *ETC* refused to forbid mandamus review of *any* remand order, the decision just as quickly refused to authorize mandamus review of *all* remand orders.[72] Instead, this Court set forth criteria necessary to bring a case into the realm of "occasional mandamus review"[73]—criteria Kimco wholly ignored.

Kimco needed to show that this case is suitable for mandamus review by establishing (1) an individualized, "unique" need for the advantages brought to bear in the business court, (2) the significance of the ruling at hand, and (3) the exceptional nature of the case.[74] These three characteristics of a case suitable for "extended" mandamus review are then balanced against any undue interference mandamus review might visit upon "issues that are

---

[72]    *In re ETC*, 707 S.W.3d at 928.

[73]    *Id.* at 929.

[74]    *Id.*

23

unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law."[75]

But what this Court did not say in *ETC* is that a relator seeking mandamus relief from a remand order need not make any showing whatsoever.[76] Yet Kimco makes none. Kimco gave the Court nothing to distinguish this case from other cases that might otherwise fall within the legislature's vision of business court jurisdiction—if the statute were to apply. Stated differently, not every case involving a publicly traded company requires the expertise or efficiency attributed to the business court. Kimco gave this Court nothing to suggest that the business court's ruling here decided a novel question or is otherwise unique. And Kimco gave this Court nothing from which to conclude this case is exceptional.

---

[75] *Id.* (citing *In re Essex Ins. Co.*, 450 S.W.3d 524, 428 (Tex. 2014) (orig. proceeding) (finding the balance between benefits and burdens of mandamus met in light of the clear "no direct action" precedent and the conflict of interest and prejudice associated with trying actions for the tort and the putative tortfeasor's insurer together)).

[76] An order *granting* remand is different than an order *denying* remand inasmuch as the denial of remand might implicate the business court's erroneous exercise of jurisdiction it does not possess. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605 ("Mandamus is proper if a trial court issues an order beyond its jurisdiction.").

This case is no more suited for extended mandamus review than *ETC*, given that the parties and the trial court in both cases spent substantial time and effort to prepare for trial before the case was removed to the business court. Like *ETC*, then, most "potential benefits of pretrial proceedings in a specialized business court are so much water under the bridge."[77] Extended review will only further deprive this case of efficiency.

In fact, inefficiency will thrive, given that Cypress urged alternate grounds for remand that are unchallenged in this petition. Kimco's request that this Court "vacate its Order remanding the action from the Business Court of the State of Texas, Eleventh Division, to the 11th District Court of Harris County, Texas, and to deny the motion to remand"[78] pretends the Court will not need to remand the case for the business court to address Kimco's failure to follow the mandatory removal procedure of Section 25A.006(f)(1) (necessity of agreement and timeliness), an independent and mandatory basis for remand.[79] Had it tried, Kimco would not have been able to satisfy this criteria.

---

[77]   *In re ETC*, 707 S.W.3d at 929.

[78]   Pet. at 29.

[79]   Tex. Gov't Code § 25A.006(d). In *ETC*, this Court posits a prudential approach to "alternative issues." 707 S.W.3d at 928 (citing *Tex. Comm'n on*

Similarly, Kimco makes no showing of a need for business court expertise. It does not point to some level of youth or incompetence of the 11th District Court. Judge Hawkins has served almost 10 years as a district court judge and is regarded so highly in handling complex matters that the Texas Judicial Panel for Multidistrict Litigation has appointed the 11th District Court to preside over several matters for pretrial management, including one involving the publicly traded company, Live Nation.

Kimco does not articulate how the decision under review is significant. Nor could it without mentioning a single other business court decision holding that Chapter 25A does not apply to cases filed before September 1, 2024. Kimco's rote, but inaccurate, suggestion

*Envtl. Quality v. Maverick Cnty.*, 642 S.W.3d 537, 549–50 (Tex. 2022) and *Point Energy Partners Permian, LLC v. MRC Permian Co.,* 669 S.W.3d 796, 812 (Tex. 2023)). But it is unclear that such would be available in a mandamus petition challenging a written reason for remand. *See* Tex. R. Civ. P. 360. Both of the cited decisions refer to a prudential review of alternate bases *on appeal*, not on mandamus. And appellate courts discussing application of the principles of *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996), in the context of mandamus appear to reject the possibility largely because it would, as here, mean a relator must brief the alternate grounds on mandamus or waive it. *See, e.g., In re Int'l Bank of Commerce*, No. 13-07-00693-CV, 2008 WL 192260, at *15 (Tex. App.—Corpus Christi–Edinburg Jan. 18, 2008, orig. proceeding) (declining to apply when a trial court states the basis for its ruling because the appellant is required to attack only the stated grounds of the ruling); *In re TCW Global Project Fund II, Ltd.*, 274 S.W.3d 166, 170 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (same). Moreover, it is difficult to discern how a trial court could abuse its discretion in making a decision it did not make.

that this is a case of first impression is far from sufficient to establish that Texas jurisprudence would be furthered by extended review here.

Finally, though Kimco sees itself as exceptional and its "right to remove" as inviolate, the legislature assuredly did not agree that any litigant has a vested right to be in the business court to the exclusion of all others. Business court jurisdiction is not exclusive. The business court has jurisdiction concurrent with district courts, suggesting the legislature viewed each court as an adequate alternative to the other. And without the showing of the criteria from *ETC*, there is nothing from which this Court could conduct the balance of mandamus review benefits and burdens required by *In re Essex*.

Chapter 25A removal is not Kimco's birthright. It is a right created by the legislature within parameters that Kimco does not meet. Extended mandamus review is not Kimco's appellate fast pass. Such review is intended by this Court's holding to be infrequent and reserved for exceptional parameters that Kimco has not tried to meet. The petition should be denied.

## PRAYER

Real-Party-in-Interest Cypress Towne Center, Ltd., individually and derivatively on behalf of Kimco 290 Houston II, L.P., respectfully requests that the Court deny the petition for writ of mandamus and grant all additional relief to which Cypress may be entitled.

Respectfully submitted,

By: /s/ Sharon McCally
Sharon McCally
Texas Bar No. 13356100
smccally@andrewsmyers.com

Andrew B. Bender
Texas Bar No. 24084290
abender@andrewsmyers.com

Hunter M. Barrow
Texas Bar No. 24025240
hbarrow@andrewsmyers.com

ANDREWS MYERS, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
713.850.4200

Counsel for Real-Party-in-Interest

28

## RULE 52.3(J) CERTIFICATION

I certify that I have reviewed this response to the petition for writ of mandamus and conclude that the factual statements are supported by competent evidence included in the mandamus record.

*/s/* Andrew B. Bender

## CERTIFICATE OF SERVICE

A true and correct copy of this document was served via e-service on all counsel of record on May 5, 2025.

*/s/* Andrew B. Bender

## CERTIFICATE OF COMPLIANCE

This response complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it is generated in Microsoft Word and printed in a conventional typeface no smaller than 14-point except for footnotes, which are no smaller than 12-point.

This response complies with the maximum length requirements of Texas Rules of Appellate Procedure Rule 9.4(i)(2)(B) because it contains 6,234 words, excluding the parts of the response excepted by Texas Rule of Appellate Procedure 9.4(i)(1).

*/s/* Andrew B. Bender

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrew Bender on behalf of Andrew Bender
Bar No. 24084290
abender@andrewsmyers.com
Envelope ID: 100427105
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Response to Petition for Writ of Mandamus
Status as of 5/5/2025 11:25 AM CST

Associated Case Party: Cypress Towne Center, Ltd., both individually and derivatively on behalf of Kimco 290 Houston II, L.P.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Hunter Barrow | 24025240 | hbarrow@andrewsmyers.com | 5/5/2025 10:46:50 AM | SENT |
| Emily Miller | 24079527 | emiller@andrewsmyers.com | 5/5/2025 10:46:50 AM | SENT |
| Andrew Bender | 24084290 | abender@andrewsmyers.com | 5/5/2025 10:46:50 AM | SENT |
| Sharon McCally | | smccally@andrewsmyers.com | 5/5/2025 10:46:50 AM | SENT |

Associated Case Party: Kimco Developers, Inc., KD Houston 1086A, Inc., Kimco Realty Services, Inc., and Kimco Realty Corporation

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elizabeth G. "Heidi"Bloch | | blochh@gtlaw.com | 5/5/2025 10:46:50 AM | SENT |
| Stephanie Sanchez | | Stephanie.Sanchez@gtlaw.com | 5/5/2025 10:46:50 AM | SENT |
| Paul Stibbe | | paul.stibbe@gtlaw.com | 5/5/2025 10:46:50 AM | SENT |
| Roland Garcia | | garciar@gtlaw.com | 5/5/2025 10:46:50 AM | SENT |

Associated Case Party: Hon. SofiaAdrogu??

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Hon. Sofia Adrogué | | BCDivision11A@txcourts.gov | 5/5/2025 10:46:50 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pamela Lee | | plee@andrewsmyers.com | 5/5/2025 10:46:50 AM | SENT |